## COX vs. CAPRON.

1. Where a plea suited to the action has been pleaded in proper time, and replied to, the plaintiff is not entitled to judgment by *nil dicit*. If the plea were objectionable, the plaintiff should withdraw his replication and demurrer.

2. Where amendments are made to a plea, if still insufficient, the plaintiff should demur. If he reply, he cannot object to the sufficiency of the plea.

### APPEAL from Clinton Circuit Court.

McBRIDE, J., *delivered the opinion of the Court.*

James Cox instituted his action of trespass on the case in the Platte Circuit Court against Cyrus Capron for charging him with having committed perjury in a proceeding had before the County Court. The defendant pleaded three pleas; 1st, not guilty; 2nd, statute of limitations; 3rd, justification. The plaintiff took issue on the first, and demurred to the second and third pleas, which was sustained to the second and over-

ruled to the third. A motion was then made by the plaintiff to strike out certain of the averments in the third plea, which was sustained, and the averments were struck out; thereupon, the plaintiff filed a replication to the third plea, and issue was taken thereto. Under this state of the pleadings, a trial was commenced before a jury, and after the evidence was closed, the defendant withdrew his plea of not guilty, and the court proceeded to instruct the jury, when the plaintiff took a non-suit, with leave to move to set the same aside, which being done, the non-suit was set aside. The plaintiff then applied for and obtained a change of venue to Clinton county.

In the Clinton Circuit Court, the plaintiff moved for a judgment of *nil dicit* against the defendant, because the third plea, as it then existed, was not an answer to the declaration; but the court overruled his motion and he excepted. The defendant then moved the court to set as.de the order of the Platte Circuit Court expunging certain averments from his plea of justification, and for leave to reinstate the same in his said plea; which motion was sustained, and the expunged averments were reinstated in the plea: to this, the plaintiff likewise excepted. A trial was then had, and the plaintiff again took a non-suit, which he subsequently moved the court to set aside, but the court overruled his motion, and he excepted, and now brings the case here by appeal.

The evidence given in the cause is contained in the bill of exceptions, and consists of a copy of a record from the County Court of Platte county, showing a settlement by the plaintiff with that court of his accounts as administrator of the estate of Wakefield Cox, deceased. It will not be necessary to state further what the record contains, as the testimony of the witnesses will more clearly show what took place in the County Court.

*James Kuykendall* testified that he was presiding justice of the County Court of Platte county at the time of the final settlement of the estate of Wakefield Cox, deceased, and, upon that settlement, a question arose arose upon the claim of James Cox, the administrator, the plaintiff, for a credit of $350 for a claim on public land of Wakefield Cox, deceased, which had been inventoried and charged against said Cox, as administrator. And the justices of the County Court having heard out of djors that said James Cox had sold said claim for $200, refused to allow him the credit for $350, until he should account for the proceeds of the sale of said claim; and thereupon, James Cox was introduced as a witness, at the January term, 18—, of said County Court, and at that term testified, among other things,—1, that he had not made a sale of said claim to Al-

len Chance; 2, that he had not told any person that he had entered the land; 3, that he had not appeared at the land office as a witness for Chance; 4, he had no knowledge of Chance's having gone on the land; 5, he had deposited money in the land office, but for no particular purpose; 6, he had not entered the land at the land office; 7, he had not told any person he had deposited money in the land office to enter the land particularly. The court, not being satisfied at that term, by the request of Cox, it was postponed until the next term of the court, at which term Chance was present and Cox was again sworn, and testified then that he did not know that Chance had gone on the claim, because he had not seen him, and did not know any thing he had not seen. This was by way of explanation of his former testimony on that point. He said, also, at the last time, that he had filed an affidavit in the land office on some collateral matter, but had not been a witness for Chance in the land office. He testified that Wakefield Cox died in 1839; that said claim was worth about $500. On cross-examination, stated that Cox said in his testimony that he had told Chance he could show him, Chance, a claim that could be got for $200 and the entrance money. Cox said he had satisfied himself at the land office, that he could not make the affidavit required by law to enable him to enter the land. Cox also said, that he had his mother to support, and the proceeds of the land would enable him to do so more conveniently; that he had not told any one he had entered the land; but told his mother the land was safe. Witness stated that he did not pretend to be able to give all the evidence of Cox on that trial; that he and Cox were not friendly, and that the general character of said Cox in the neighborhood was good up to the time of said swearing.

*Matthew M. Hughes*, another member of the County Court, testified to the same in substance.

*Allen Chance* testified, that he was sworn and gave evidence on the claim of James Cox fer a credit for the $350 for the claim of Wakefield Cox, deceased, on his final settlement of that estate; and that he also heard James Cox give evidence, who stated that he had not made a sale of that claim to the witness, Allen Chance; 2. That he had not told any person that he had entered the land; 3. That he had not appeared at the land office as a witness for Chance ; 4. He had no knowledge of Chance having gone on the land; 5. He had not deposited money in the land office to enter that land, or any land in particular; 6. He had not entered the land at the land office; 7. He had not told any person that he had deposited money to enter that land particularly. He further testified, that the testimony of said Cox was not true in the following:—

That he, witness, had bought the Wakefield Cox claim from said James Cox, for the sum of two hundred dollars, which was in the first instance conditional, but afterwards, when he and Cox went into the land office, Cox then said that the sale must be unconditional; that he would not be responsible for the claim of the heirs; that the $200 for the consideration of the claim was paid by him to Cox. Secondly, witness said he had heard Cox tell several persons that he had entered the land, and Cox told witness he had told others for the purpose of putting them off their guard, that he might purchase it lower at the block. Thirdly, that Cox had not appeared at the land office as a witness, but had gone with him to enter the land, and made an affidavit to the effect that the heirs of Wakefield Cox did not intend to enter the land. Cox was one of the heirs. Fourthly, that Cox did have full knowledge of his, witness's, going on the land, and he went on by arrangement with Cox. Fifth, gave no direct negative testimony. Sixth, same. Seventh, same.

*James H. Burch* testified, that he learned from Cox that the heirs of said decedant claimed said claim. Said Cox was not a witness to prove said Chance's pre-emption to said claim, but Cox filed an affidavit to the effect that the said heirs would not set up a claim to said claim; he had formed an impression unfavorable to said Cox, from his conduct, &c.

*A. Young* testified, that Saturday before the land sales, which was on the 11th November, 1843, said Cox told him, in Plattsburg, that he had entered the land.

*H. Waller and O. Bruton,* for the plaintiff, testified that they had known him since 1837, and that his character, from that time until this charge, was as good as any man, &c.

The foregoing being all the evidence given in the cause, the court gave the jury the following instructions, to-wit:

1. The only matter for the jury to try in this cause is, was the defendant justified in speaking the words charged in the declaration, and which are admitted as charged by the plea of the defendant.

2. If the jury believe frem the evidence that plaintiff did swear before the County Court of Platte as charged in defendant's plea, and that said plaintiff swore falsely in reference to the matter then pending before said court, and that defendant has established by evidence the truth of his plea of justification, then they will find for the defendant.

3. The defendant is bound to prove the truth of the facts set forth in his plea of justification, and if he fail to do so, the jury will find for the plaintiff, and give him such damages as the jury may think him entitled to.

The plaintiff then asked the court to instruct the jury as follows:

1. That they will exclude from their consideration all the evidence introduced by the defendant in support of his plea of justification.

2. That the defendant has entirely failed to sustain his plea of justification by the evidence.

3. That unless they believe from the evidence that said James Cox was legally sworn in open court, in the County Court of Platte county, by the clerk of said court, then they will find for the plaintiff.

4. That unless the defendant has proved the number of the quarter section of land mentioned in said plea, as in said plea alleged, they will find for the plaintiff.

5. That the defendant is bound to prove that he used the same words charged in the second count, in relation to the plaintiff, and that they had reference to the trial in the County Court, and that they were so understood by those who heard them, else they will find for the plaintiff.

6. That if they are satisfied from the evidence that the plea does not contain all the evidence of James Cox given on the trial in the County Court, as charged in said plea of justification, then they will find for the plaintiff.

7. That if the defendant fails in sustaining his plea of justification, then the plea is evidence of malice in aggravation of the plaintiff's damages.

8. That if they find for the plaintiff, they are not to take into consideration any of the evidence introduced by said defendant in support of said plea, in mitigation of the plaintiff's damages.

9. That the amount of damages is to be estimated by the jury; and that defendant's plea admits the right of plaintiff to recover, unless sustained by evidence.

10. That the same amount of evidence is required in this case, to sustain said plea, as is required upon an indictment for perjury.

11. That unless the jury are satisfied from the evidence that the plaintiff did wilfully, feloniously and knowingly swear false to matter in said trial in the County Court, which was material to the issue, they will find for the plaintiff.

12. That unless the jury are satisfied from the evidence that the quarter section of land mentioned by the witnesses is the same one mentioned in the plea, then they will find for the plaintiff.

13. That if they believe there are two distinct quarter sections of land mentioned in the plea, then they will find for the plaintiff.

14. That unless they are satisfied from the evidence that Wakefield

Cox, deceased, had a pre-emption right to the land in question, at the time of his death, they will find for the plaintiff.

15. That if they believe the land in question was public land, belonging to the United States at the time of the death of Wakefield Cox, deceased, then they will find for the plaintiff.

16. If the jury believe from the testimony that the plaintiff gave testimony in the County Court, on the final settlement of his accounts as administrator of the estate of Wakefield Cox, deceased, and was called upon by the said court to testify, and this is the testimony in which he is charged by defendant to have sworn falsely, and which is set up in his defence, then they will find for the plaintiff, notwithstanding said plaintiff swore falsely therein, unless they shall further find that, at the time of speaking and uttering the slanderous words charged in plaintiff's declaration by defendant, they were spoken by defendant in reference to said testimony before the County Court, and were so understood by the persons to whom he spoke and uttered said words.

The court gave the 7th, 9th, 11th and 12th of the foregoing instructions, and refused to give the others, to which refusal the plaintiff excepted.

The first question presented for our decision, is the action of the Circuit Court on the plaintiff's motion for a judgment by *nil dicit*. The reasons assigned in the motion are, *first*, because there is no sufficient plea to said declaration—the plea of not guilty having been withdrawn; *second*, because the special plea of said defendant is insufficient in law, and does not contain a substantial defence to the action; and, *thirdly*, because the said defendant has withdrawn the plea of not guilty, without having pleaded any plea that is sufficient in law or amounts to a substantial defence to the action.

Tidd, in his treatise on practice, 1st vol., 609, says, that judgment by *default*, which is an implied confession of the action, is either *non sum informatus*, where the defendant's attorney, having appeared, says that he is not informed of any answer to be given to the action; or by *nil dicit*, where the defendant himself appears, but says nothing in bar or preclusion thereof; and the latter judgment, which is the more usual, is either for want of any plea at all, or for want of an issuable plea, after a judge's order for time on the terms of pleading issuably; or where the defendant pleads a plea not adapted to the nature of the action, or which may be considered as a nullity, or is false and vexatious, or not pleaded in due time or in proper manner.

These rules laid down by Tidd, do not apply to the case at bar; for, in

this case, a plea suited to the action was put in in proper time, and replied to by the plaintiff, who could not thereafter, with any legal propriety, ask the court for a judgment by *nihil dicit.* If the reasons existed which are set forth in his motion, his proper course would have been to ask leave of the court to withdraw his replication to the plea of justification, and demurred to it. Not having done this, whether the plea was sufficient or not, the court did right in overruling his motion.

The next cause of complaint is, the judgment of the Circuit Court on the defendant's motion to reinstate in his plea of justification the averments expunged by the Platte Circuit Court, and which motion was sustained and the expunged averments reinstated. According to the provisions of the first and second sections of the act regulating practice at law, R. C. 1845, page 826, the Circuit Court is vested with the power to permit amendments in the pleadings, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before final judgment. If the amendment be a matter of substance, the adverse party shall be allowed an opportunity to answer the pleadings so amended. The Circuit Court, then, had the power to permit the amendment, and we cannot see that the power was arbitrarily or oppressively exercised. If the plea, as amended, was defective, the plaintiff should have withdrawn his replication, and filed his demurrer; failing to do this, and permitting his replication to remain in to the amended plea, he cannot now raise the question as to the sufficiency of the plea.

The last question presented by the record, arises on the instructions given and refused by the Circuit Court. Without commenting in detail on the instructions, for they are numerous, it may be sufficient to say, that those given by the court placed the case fully before the jury, and there was no necessity for the plaintiff to take a non-suit, unless he feared a verdict against him, on the merits of his case. Some of the instructions asked for and refused were clearly wrong; others were inapplicable; whilst some might have been given, without affecting the determination of the case.

The judgment of the Circuit Court ought to be affirmed, and the other Judges concurring, the judgment is affirmed.