NEEDLES, *Appellant*, v. BURK.

1. **Practice** : SEVERAL COUNTS : SEPARATE TRIALS. Where there are several causes of action stated in separate counts, the court may direct separate trials, the judgment to await the trial of all the issues.

2. ——— : ——— : ———. In such cases, the awarding of a new trial[1] as to one count would not call for a new trial as to the other counts.

3. ——— : ——— : NEW TRIAL. Where the errors considered in the appellate court relate to the first count only, but the judgment of such court is general, it may as well be said that the judgment of reversal was for errors in the trial of the second count as for errors in the first. Both causes of action having been tried at the the same time, and nothing to the contrary appearing, it will be assumed that the motion for new trial called for an entire new trial, and upon being remanded, the cause will stand for new trial just as if the motion for that purpose had been sustained in the circuit court.

4. ——— : SECURITY FOR COSTS : DISMISSING SUIT. Where plaintiff becomes a non-resident of the state, after commencement of suit, and fails to comply with the order of the court to give security for costs accrued and to accrue, a motion to dismiss is in order, and no security being given before the determination of the motion, the case may be dismissed.

Needles v. Burk.

5.  ——— : ——— : ———.  Although plaintiff be entitled to judgment on a second count, if costs have accrued and are chargeable to him by reason of the reversal of the judgment in the appellate court and dismissal as to the first count, the court may require security for such costs before giving him a judgment on the second count.

6.  ——— : ———.  The matter of ruling parties to give security for costs rests largely in the discretion of the trial court.

*Certified from Kansas City Court of Appeals on Division of Opinion.*

AFFIRMED.

*J. M. Crutchfield* for appellant.

(1) When two causes of action are joined in one petition, and a separate verdict returned on each, and a new trial is had of one cause, the plaintiff may dismiss as to this cause, and take judgment for the other. *Mooney v. Kennett*, 19 Mo. 551. (2) "If there are several counts in a declaration, and a verdict is taken upon only one of these counts, it is good, provided all that is in issue upon that count be found: because every count is to be considered as a distinct declaration." 4 Bacon's Ab. [15 Ed.] 19.

*O. L. Houts* for respondent.

(1) After appellant dismissed as to the first count in his petition, the second count being only for the sum of five dollars, the circuit court no longer had jurisdiction and could render no judgment other than to dismiss the case. R. S. 1879, sec. 1102. (2) Conceding that the court had jurisdiction to render judgment on the second count, as prayed by appellant (which is not conceded) it would have been the duty of the court to render judgment against appellant for costs, and first compel him to secure the costs, especially after he had

already been ordered to secure the costs and had taken leave to do so. R. S. 1879, sec. 996. (3) Appellant was not entitled to judgment on his motion. The cause was reversed and remanded for new trial. *Needles v. Burk*, 81 Mo. 569.

BLACK, J.—The petition is in two counts, each for a distinct cause of action. The jury returned a verdict for plaintiff for $143.60 on the first and for five dollars on the second count. Defendant appealed, and this court reversed the judgment and remanded the cause. The circuit court then made a rule on the plaintiff to give security for costs within sixty days. At a subsequent term, and without having obeyed the rule, the plaintiff dismissed as to the first count and moved for judgment on the second on the former verdict. Pending this motion, the court dismissed the suit for failure of plaintiff to give security for costs as required by the former rule. Plaintiff appealed to the Kansas City court of appeals, where the judgment was affirmed, and the case was then certified to this court.

1. The argument of the plaintiff is that the original judgment in his favor was reversed only as to the first count; that upon dismissing as to that count, he had a right to a judgment on the second, without further trial. Where there are several causes of action, the court may direct separate trials, the judgment to await the trial of all the issues. R. S. 1879, sec. 3603. In such cases the awarding of a new trial as to one count would not call for a new trial as to the other counts. If all the issues are tried at the same time with a verdict upon each cause of action, we can see no reason why the court might not award a new trial as to one cause of action and let the verdict stand as to the others. The question then is, what was done in this case? By looking to the opinion filed, when this cause was here before, we see that the errors considered related to the first count only; but our judgment is general and without

Needles v. Burk.

limitation. So far as our judgment is concerned, it might as well be said the judgment of the circuit court was reversed for errors in the trial of the second, as for errors in the trial of the first count. When the cause was remanded it stood for new trial just as if the motion made for that purpose in the circuit court had been sustained. Whether that motion asked a new trial on one or both causes of action is not disclosed by this record. As both causes of action were tried at the same time and nothing to the contrary appearing, we must assume that the motion called for an entire new trial, and our judgment awards relief to the full extent of the prayer of the motion. The contention of the plaintiff cannot be sustained on this record.

2. But there is another view equally fatal to this appeal. The plaintiff became a non-resident after the commencement of the suit, and for that reason was ordered to give security for costs accrued and to accrue. Having failed to comply with the rule, a motion to dismiss was in order, and the security not being given before that motion was determined, the court but followed the statute in dismissing the case. R. S. 1879, sec. 986. Even if the plaintiff was entitled to judgment on the second count, still costs had accrued and were chargeable to him by reason of the reversal of the judgment, and the dismissal as to the first count. For these costs the court might well require security before giving him a judgment on the second count. This matter of ruling parties to give security for costs rests largely in the discretion of the trial court, and no abuse of that discretion is shown in this case.

The judgment is affirmed. All concur.