THE BREMEN BANK, Appellant, v. HERMANN UMRATH
*et al.*, Respondents.

St. Louis Court of Appeals, November 7, 1893.

1. **Appointment of Special Judge of Circuit Court Under Act of 1891.** The act of 1891 (Session Acts, p. 113), providing for the appointment of a special judge of a circuit court when the regular judge is laboring under a temporary disability, applies to the circuit court of the city of St. Louis.

2. ——: DETERMINATION BY SPECIAL JUDGE OF MOTION FOR NEW TRIAL OF CAUSE TRIED BEFORE THE REGULAR JUDGE. A special judge appointed under that act has the power to act on a motion for the new trial of a cause tried before the regular judge, and to sustain it for the reason that under the circumstances he cannot dispose of it upon its merits. A mere protest against his hearing of the motion will, therefore, not render his action in this regard erroneous; but whether it would have been so, had the objection been supported by affidavits, showing a likelihood of an early return of the regular judge to the bench, is not decided.

3. **Motion for New Trial:** EFFECT, WHEN NOT FILED BY ALL OF THE DEFENDANTS AGAINST WHOM JUDGMENT WAS RENDERED. When all of the defendants against whom a judgment was rendered do not join in a motion for new trial, and their liability is several and not dependent upon the same conditions, as where it is against one as the maker and others as the endorsers of a note and the former does not join in it, it is error to sustain the motion as to all of the defendants.

4. **Pleadings:** DEFAULT. The answer of one defendant to a petition against several applies to a subsequent amended petition, which does not change the effect of the original petition as to him; hence his failure under these circumstances to plead to the amended petition does not put him in default.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. HARRISON, Special Judge.

REVERSED AND REMANDED.

*Lubke & Muench,* for appellant.

(1) The act of 1891 is not applicable to the city of St. Louis. Constitution, art. 6, sec. 27, Revised Statutes, 1889, secs. 14, 15 and 16. *State ex rel. v. Smith,* 44 Mo. 112. If one of the judges of the circuit court of that city is incapacitated from acting, one of the other judges of that court can sit in his place. (2) That act did not invest the special judge in the case at bar with the power to act upon the motion for new trial. *Gale v. Michie,* 47 Mo. 328, *Allen v. Snyder,* 82 Mo. 256; *Meyer v. Yocum,* 15 Mo. App. 579; *Givens v. Van Studdiford,* 86 Mo. 150; *Voullaire v. Voullaire,* 45 Mo. 608. But if he had that power, his reason for granting the new trial was insufficient. Revised Statutes, 1889, sec. 2241; Session Acts, 1891, p. 70; *State ex rel. v. Adams,* 84 Mo. 310. (3.) The court erred in setting aside the entire judgment. Umrath, the third defendant, made no motion that the judgment be set aside to him. Revised Statutes, 1889, sec. 2207; *State ex rel. v. Adams,* 84 Mo. 310; *Hunt v. Railroad,* 89 Mo. 607.

*O. B. Givens* and *Christian & Wind,* for respondents.

(1) "A party has the same right to have his motion for a new trial heard and duly considered as he has to institute or defend an action." *Woolfolk v. Tate,* 25 Mo. 597. As no judge but the one who presided at the trial could pass upon the issues raised by the motion for a new trial, it was the duty of the judge who succeeded the trial judge to set aside the

verdict and order a new trial. *Woolfolk v. Tate*, 25 Mo. 597; *Cocker v. Cocker*, 56 Mo. 180; *State v. Boogher*, 3 Mo. App. 448. (2) When Judge Withrow announced to the governor that he was unable by reason of illness to discharge his duties as judge, he ceased to have any control or authority or jurisdiction over the motion for a new trial, and the appointment of Judge Harrison by the governor under the act of March 18, 1891, vested in him all the duties as well as the powers of judge of that court. Session Acts, 1891, p. 113; *Lancy v. Barrett*, 75 Mo. 469. (3) Although Judge Harrison might have obtained a transcript of the evidence, that would not have put him in a position to say whether the verdict was against the evidence or the weight of evidence. The manner and appearance of the voice, gestures and the looks of each witness are lost to him, and frequently have a material weight with the circuit judge in determining his course. *Vaughan v. Montgomery*, 5 Mo. 532; *McAfee v. Ryan*, 11 Mo. 365, 366. (4) None of the other judges of the St. Louis circuit court have any power to pass upon the motion. *Voullaire v. Voullaire*, 45 Mo. 607, 608. (5) The act of March 18, 1891, applies to the city of St. Louis, and Judge Harrison was therefore judge *de jure* of the circuit court. Session Acts, 1891, p. 113; Revised Statutes, 1889, sec. 6570, clause 19. But even admitting all that appellant argues against the act of 1891, Judge Harrison was judge *de facto*, and as such his acts were binding and cannot be attacked collaterally, or by private individuals at all. *Simpson v. McGonegal*, 52 Mo. App. 540; *Wilson v. Kimmel*, 109 Mo. 260, and cases cited in both.

BOND, J.—This appeal was taken from an order granting a new trial herein made by Special Judge Harrison for the reasons set out in the order sustaining the same, to-wit: "Not having heard

the evidence in the case, and not being advised therein and being unable to pass upon the merits of said motion, it is therefore ordered by the court that the motion for a new trial herein be sustained, and that the judgment rendered on the sixteenth day of January, 1892, be set aside and for naught held and esteemed. To the action sustaining said motion the plaintiff then and there also duly excepted and in due time presented this bill of exceptions, which is now signed, sealed and ordered filed in and made a part of the record of this cause, this fourteenth day of January, A. D. 1893.

"JOHN A. HARRISON,

"Judge."

The motion for new trial thus disposed of had been argued in March, 1892, before Judge WITHROW, the regular judge of the court, and taken under advisement by him but not decided. In November, 1892, he in writing, supported by his physician's certificate, "did certify to the Governor of the state of Missouri that owing to continued sickness he, the said Withrow, was then unable to discharge the duties of his said office, and that he expected not to be able to resume the said duties until March or April, 1893; that thereupon the governor did, under the act of the General Assembly of Missouri, approved March 18, 1891, empowering the governor to appoint special circuit judges, on December 6, 1892, appoint Hon. John A. Harrrison special circuit judge" during the inability of the regular judge. Under this commission Special Judge Harrison qualified on December 7, 1892, and thereupon ordered the docketing for hearing by him of all motions not disposed of by Judge Withrow. Pursuant to said order this motion for new trial was docketed. "Thereupon said Hon. John A. Harrison did call said motion for hearing, but the plaintiff by its counsel objected to and pro-

tested against said action and proposed hearing, and did insist that said motion could properly and legally be determined only by the said Hon. James E. Withrow; but the said Hon. John A. Harrison overruled said protest and objection, to which action the plaintiff then and there duly excepted. And the said Hon. John A. Harrison, on January 4, 1893, did order that said motion for a new trial be sustained for *the reasons recited* in the record of said order." The judgment was set aside as to all the defendants, although one of the defendants, Umrath, did not join in the motion for new trial.

The first point raised by the appellant is as to the applicability of the act of March 18, 1891 (relating to special judges), to the St. Louis city circuit court. There is nothing in the language of the act (Session Acts, 1891, p. 113) which excludes from its operation an appointment made within its terms in the city of St. Louis. The power of the general assembly to legislate over the city and county of St. Louis is expressly reserved in the constitution. *Ewing v. Hoblitzelle*, 85 Mo. 64; Constitution of Missouri, art. 9, secs. 23 and 25. The city of St. Louis is one of the judicial circuits of the state, (eighth judicial circuit). See Constitution of Missouri, art. 9, sec. 24, and Revised Statutes, 1889, secs. 3338, and 6570, clause 19.

The act of March 18, 1891, section 1, is as follows, to-wit: "Whenever the judge of *any* circuit or criminal court already elected in this state," etc. Section 2. "In *all* circuits of this state, when a judge has been appointed as provided in next preceding section," etc. Section 3. "The business in the courts of some of the counties of this state is such as to create an emergency," etc. "Therefore this act shall take effect and be in force from and after its passage."

These provisions demonstrate that the law in question is applicable to *all* the judicial circuits in the state, and therefore embraces the circuit court of the city of St. Louis which is by law one of the judicial circuits of the state. Nor is this conclusion affected by the use of the term "counties" in the last section of the act, since the use of this term in general statutes is held to embrace the city of St. Louis, unless contrary to their "evident intent," or "some law specially applicable to such city." Revised Statutes, 1889, section 6570, clause 19, *supra*.

We, therefore, hold that the appointment of a special judge for the circuit court of the city of St. Louis, as shown by the record in this case, constituted him judge *de jure* during the term for which he was commissioned, and that the objections of appellant on this score are hypercritical and unsound.

Nor do we think there is any force in the contention of appellant, that the special judge had no power to act on matters "which had been tried or heard and taken under advisement" by the regular judge. During the sickness of the regular judge, the special judge was invested with full control and authority over the business of the court where he presided. Whether or not he erred in his rulings or judgments may be shown in the appellate courts, but his power to act during the interim for which he was appointed was the same as that of a regular judge. Session Acts, 1891, p. 113, sec. 1.

This distinction presents the controlling question in this case. Did the special judge commit reversible error in his ruling sustaining the motion for new trial under the facts shown in this record? The plaintiff claims that the action of Judge Harrison in calling up the motion against its protest, and sustaining it not on its merits but for causes not set out in the motion, was

reversible error. Had the plaintiff moved for a continuance of the motion for new trial supporting his motion for continuance with the proper affidavits touching the probability of the speedy return of Judge Withrow to the bench, we would be in a position to review the propriety of Judge Harrison's action in not continuing the motion. The record, however, presents the naked question of the power of Judge Harrison to pass on the motion, and we are all agreed that he had such power, and that, while the reason assigned by him does not verbally coincide with the rule laid down by the supreme court in *Woolfolk v. Tate*, 25 Mo. 597, and *Cocker v. Cocker*, 56 Mo. 180, it sufficiently appears that he was actuated by the same motives in awarding a new trial, which under the rule laid down in these cases should actuate a judge thus situated.

But we are all of opinion that the judge erred in vacating the entire judgment against all the defendants. Hermann Umrath, one of the defendants, did not appear at the trial and filed no motion for a new trial. Against him the judgment was a finality. His liability was not dependent on the same facts as that of the other defendants. He was the maker of the note, and whether the facts stated in the answer of the other defendants were true or not was immaterial to him, and amounted to no defense for him. Had the court vacated the judgment as to the other defendants only, the plaintiff might have dismissed as to them and still retained its judgment against Umrath, because the liabilty of the defendants was not joint but several.

This error of the special judge we have the power to correct either by a proper judgment in this court, or by reversing his ruling and remanding the cause. We have concluded to adopt the latter course in order that the motion for new trial may be disposed of on its

merits by Judge Withrow who has since returned to the bench. By this disposition of the matter a retrial of the cause (the trial of which as the record shows lasted for five days) may possibly be avoided. The judgment awarding a new trial is accordingly reversed, and the cause remanded. All the judges concur.

### ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The defendants claim that the trial court did not err in setting aside the judgment as to Hermann Umrath, because he was in default, and the jury were not sworn to inquire into the damages as to him, but were sworn to try the issues between the plaintiff and *all* the defendants, as if the defendant Umrath had also presented an issue. This claim rests upon a misconception of the record. The defendant Umrath had answered the original petition of plaintiff by way of general denial. That answer was on file when the cause was tried. After his answer was filed the plaintiff amended its petition, but the amended petition did not charge Umrath in any other capacity then the original petition did, hence there was no necessity of his filing any other answer to the amended petition than the one he had already filed. As long as that answer was on file and raised an issue no default could be taken against him. *Cox v. Capron,* 10 Mo. 691.

The motion is overruled. All concur.