EDWARD JONES, Administrator of SARAH H. JONES, Deceased, Respondent, v. RICHARD M. HIGGINS *et al.*, Appellants.

### St. Louis Court of Appeals, January 18, 1898.

1. **Practice, Trial:** JUDGMENT ENTRY. Where the right to a money judgment was against one of the defendants only, a judgment entry against all of the defendants was fatal error.

2. ———: PLEADINGS: EQUITY CASE. In an action for the recovery of money, where other persons than the alleged debtor were made parties, and it was averred that they claimed the money under a pretended gift, and plaintiff asked affirmative relief as to their pretended gift, the case was one of equitable cognizance, and it was error to try it as an action at law.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED, all concurring; Judge BOND in the result.

*R. H. Stevens* and *R. M. Nichols* for appellants.

The administrator as such had no cause of action, granting the truth of the averments of the petition, without a further showing that the fund was required for the payment of debts of the deceased. If Edward Jones was injured, his action was that of an equitable proceeding, following the fund in the hands of the fraudulent donees, brought in his own behalf. *Straat*

*v. O'Neill*, 84 Mo. 68; *McCracken v. McCaslin*, 50 Mo. App. 85; *Chase v. Redding*, 79 Mass. 414; *Brandon v. Dawson*, 51 *Id.* 237.

*Henry Jones* and *John W. Collins* for respondent.

Undue influence is a species of fraud, and may be proven and inferred from facts and circumstances. *Carl v. Gabel*, 120 Mo. 297; *Woodbury v. Woodbury*, 141 Mass. 329.

Under the pleadings and evidence the gifts by Mrs. Jones, the donor of the notes and money to appellant, and the settlement between her and R. M. Higgins, are in law presumed to be void, and to have been obtained by undue influence upon her by appellants. *Garvin v. Williams*, 44 Mo. 470; *Cadwallader v. West*, 48 *Id.* 499; *Yosti v. Laughran*, 49 *Id.* 595; *Bridwell v. Swank*, 84 *Id.* 455; *Jones v. Roberts*, 37 Mo. App. 163, 174; *Harvey v. Sullens*, 46 Mo. 147; *Carl v. Gabel, supra; Woodbury v. Woodbury, supra;* 1 Woerner, Adm., sec. 32.

BIGGS, J.—The plaintiff is the administrator of the estate of Sarah H. Jones, deceased. He claims in his petition that the defendant, Richard M. Higgins, is indebted to the estate of his intestate in the sum of $2,076.10. Richard M. is one of the children of the deceased. His codefendants are his brothers and sisters. It is alleged in the petition that the defendants claimed title to the money sued for "under and by virtue of a pretended gift of the same to them by the said Sarah during her lifetime." The prayer of the petition is for judgment against Richard M. for the amount alleged to be due "and for judgment in favor of plaintiff against defendants upon and for the title to said money."

The answer was to the effect that a short time prior to the death of the deceased, to wit, on October 11, 1896, the defendant, Richard M. Higgins, had a full settlement of all matters of business with his mother; that the settlement showed a balance of $1,960 due from him; that the deceased, in expectation of death and with the intention of making a distribution of the money among her children, requested Richard M. to execute his several notes for the amount so found to be due from him, less the sum of $320, which notes the deceased then and there delivered to her several children, and that the residue of the fund was left in the hands of Richard M., with directions to pay the expenses of the last sickness of the deceased.

In the reply the plaintiff admitted that the settlement was made and that the notes were executed and delivered as alleged, but he averred that he was not bound by the pretended settlement and gifts, for the reasons that the deceased was not of sufficient mind to understand the nature of the business, and further that the settlement and gifts were the result of undue influence exercised over the mind of the deceased by the defendants.

The cause was tried as an action at law, and the issues made by the answer and reply were submitted to a jury.

Under the instructions of the court the jury found that the deceased was incapable of making the alleged settlement and gifts, and that both were procured by undue influence as alleged. The verdict was for the plaintiff for $1,960 with interest. Judgment was entered on the verdict and the defendants have appealed.

Many errors are assigned, only one of which we need notice, as there is a fatal error in the judgment entry. The judgment is entered against all of the

defendants. The right to a money judg-
TRIAL practice: ment was against Richard M. alone. If
judgment entry. the case had been tried without error in
other respects we would be authorized to make the
correction here.

One of the reasons assigned for the reversal of the
judgment is that the remedy of the plaintiff, if he has
any, is in equity; that the petition states
PLEADINGS: equity such a cause of action, and that the
case. court erred in submitting the case as a
proceeding at law.

Whether the pleader intended to state a legal or
equitable cause of action is difficult to determine.
The objection to the petition as stating an action of
debt, is that other persons than the alleged debtor are
made parties, and it is averred that they claim the
money under a pretended gift, and the plaintiff asks
affirmative relief as to their pretended claims. The
averment as to the claim of the other defendants and
the additional prayer as to them might have been
treated as surplusage by the circuit court were it not
for the admissions in the reply. There the plaintiff
admitted that the gift or distribution of the fund was
fully executed by the deceased, but he attempted to
avoid the force or effect of the transaction by alleging
want of capacity by the deceased to make the gifts,
and that they were procured by undue influence. If
these averments had been made in the original petition
the pleading would undoubtedly have presented a case
of equitable cognizance. The fact that these issues
were tendered by the reply can not alter the nature of
the action. The fact remains that the plaintiff admits
that the deceased did in fact make a complete disposi-
tion of the money in the hands of Richard M.; that is
under her direction Richard M. paid his indebtedness
to her by giving his notes to his brothers and sisters.

Under these admissions the plaintiff must first sue in equity to set aside the alleged gifts. Succeeding in this, his right to recover the money would be unquestioned. If the plaintiff had denied the making of the gifts, then the issue would have been one of gift or not gift, which would have been properly triable at law. There has been considerable diversity of opinion among the appellate judges as to this question of practice. We had the question before us in *Dwyer v. R. R.*, 66 Mo. App. 335. That was an action for damages. The defendant pleaded a settlement and release of the cause of action. The reply was that the release was obtained by undue influence and false representations and that at the time the settlement was made the plaintiff was not of sufficient mind to understand what he was doing. We decided that the issues made by the reply could not be tried in an action at law. Upon a review of the case we decided that "where the execution of the release is denied, or it is claimed that its *execution* was obtained by fraud or deception, or that the plaintiff was legally incapable of contracting, resort need not be made to a court of equity to set aside the release, but that where the claim is that the plaintiff was induced to enter into the contract through fraud or undue influence, or that at the time he was temporarily insane, that is, not of sufficient mind to comprehend the nature and effect of the transaction, then the release must be first set aside in a court of equity. The distinction is that in the circumstances first named, the case is presented and tried on the theory that there is no contract, while in the other the contract is admitted, but the plaintiff avers that he ought not to be bound by it." In the recent case of *Hancock v. Blackwell*, reported in 41 S. W. Rep. 205, the supreme court *in banc* adopted substantially the same rule. It is obvious that the circuit court misconceived the nature of

the action.   The petition is inartificially drawn, but it certainly is an attempt to state a cause of action in equity, and the cause should have been so tried.   We suggest that if the action is to be further prosecuted the petition ought to be amended.   Judgment reversed and the cause remanded.   Judge BLAND concurs; Judge BOND concurs in the result.