Sater v. Hunt.

LUCAS A. SATER, Appellant, v. MINNIE B. HUNT, Respondent.

St. Louis Court of Appeals, May 10, 1898.

1. **Judgment**: APPEAL, RIGHT OF: PARTIES. There can be but one final judgment in any civil action, and this judgment must dispose of all the parties to the record, in order to entitle the aggrieved party to take an appeal.

2. ——: ——: ——. Appeal can not be taken from final judgment after term at which it is rendered.

*Appeal from the Lawrence Circuit Court.*—HON. JOHN C. LAMSON, Judge.

REVERSED.

Sater v. Hunt.

WM. B. SKINNER and HENRY BRUMBACK for appellant.

The circuit court modestly assumed that the St. Louis court of appeals did not properly understand herself in rendering the opinion of May 12, 1896, and the judgment of that date, that "The judgment rendered herein by the said circuit court of Lawrence county be reversed, annulled and for naught held and esteemed; that the appellant be restored to all things which he has lost by reason of the said judgment; that the said cause be remanded to the aforesaid circuit court of Lawrence county for further proceedings to be had therein in conformity with the opinion of this court herein delivered. * * * This learned view of the circuit court seems to be based upon the fact that in the opinion of this court rendered at the October term, 1894, the court said: "The plaintiff may bring the case here by writ of error after he has made final disposition of all the parties. * * *" In that opinion this court says: "Only one final judgment can be rendered in a cause; and such judgment, to warrant an appeal, must make some disposition of all the parties." It was for that very reason, only, that this court then declined to pass upon the questions raised, and remanded the case, and this court conclusively determined at that time that there had been no final judgment of the circuit court in the cause. Upon such state of fact the statute gives the right of appeal at such term as final judgment is rendered. R. S., 1889, sec. 2248. Such a final judgment was rendered not until the August term, 1895, and plaintiff was then entitled to the appeal he did take. The law gave him the option to come to this court by either appeal or writ of error, and the remark, in the opinion of this

court, that he might come by writ of error, did not limit, nor could it have been meant to limit, his course to that method alone; nor could it have the effect, if intended, to override the statute. If plaintiff came here irregularly, by appeal, when he should have come by writ of error, it was becoming, if material to her rights, for respondent to have urged that objection to this court on the former hearing, rather than attempt to induce the learned circuit judge to ignore the mandate of this court.

THOMAS & HACKNEY for respondent Minnie B. Hunt.

An appeal from a judgment must be taken at the term of the court at which the judgment is rendered. R. S. 1889, sec. 2248; Randolph v. Mauck, 78 Mo. 468; State v. Roscoe, 93 Mo. 146; State ex rel. v. Keuchler, 83 Mo. 193; Lengle v. Smith, 48 Mo. 276; Clelland & Co. v. Shaw, 51 Mo. 440; Staveley v. Kunkel, 27 Mo. 422; Smith v. Smith, 48 Mo. App. 612; Green v. Castello, 35 Mo. App. 127. When the plaintiff's appeal from the judgment of August 23, 1893, was dismissed, the respondent, Minnie B. Hunt, was out of court, and the only way that she could be brought in and have the judgment of the court in her favor reviewed or set aside, would be by writ of error, sued out of the appellate court, of which she must have notice. Sater v. Hunt, 61 Mo. App. 228. After an appeal has been granted the power of the inferior court over the subject is exhausted. If the appeal is dismissed, or from any cause the party loses the benefit of it, he can not take another appeal, but must sue out his writ of error. Brill v. Meek, 20 Mo. 358.

BOND, J.—This is a suit by the indorsee of a promissory note which was reissued by the makers,

who were husband and wife, for the amount thereof and for the foreclosure of a mortgage given upon the property of the wife to secure its payment. It was begun March 11, 1892, in the circuit court of Dade county and was taken by change of venue to Lawrence county. The wife interposed a general demurrer, which was sustained on the twenty-third of August, 1893, whereupon the court entered judgment in her favor.

On the same day plaintiff filed a motion for new trial, which was overruled, as was also his motion in arrest, whereupon he filed his bill of exceptions, which was made a part of the record on the twenty-sixth of August, 1893. At the same term plaintiff perfected his appeal from said judgment to the supreme court, which tribunal transferred the case to the St. Louis court of appeals, whose decision therein is reported in 61 Mo. App. 228, after which the cause was again tried in the circuit court in August, 1895, and a judgment was rendered in favor of plaintiff and against defendant Samuel Hunt for the amount of the debt and also adjudging a foreclosure of his interest in the mortgage premises.

From this judgment an appeal was again prosecuted to this court, the disposition of which is shown in 66 Mo. App. 527. After the remand of the cause under that opinion to the circuit court for retrial, the defendant Minnie Hunt filed her answer, setting up as a bar to any proceeding against her, the final judgment on her demurrer in 1893, and alleging that it was unappealed from and unreversed and in full force and effect, and answering further, that the note in suit had been fully paid and discharged by her; and answering further, that she never indorsed the same on its reissue nor authorized any person to do so in her behalf. This answer was sworn to. Thereupon the cause proceeded to trial and the court upon the

objection of Minnie Hunt excluded all evidence proffered by plaintiff against her, and at the conclusion of the trial rendered judgment in plaintiff's favor against her husband, S. L. Hunt, for the amount of the note sued on and for a foreclosure of the interest of the husband in the mortgaged property, from which judgment the present appeal is prosecuted by plaintiff.

There can be but one final judgment in any civil action, and this judgment must dispose of all the parties to the record, in order to entitle the aggrieved party to take an appeal.

ONLY one final judgment in a case.

R. S. 1889, sec. 2213; Beshears, Ex'r, v. Banking Ass'n, No. 6914, present term, unreported; Helborn v. Naughton, 60 Mo. App. loc. cit. 103, and cases cited; Carthage Marble and White Lime Co. v. Bauman, 55 Mo. App. loc. cit. 211. Nor can any appeal from a final judgment be taken after the term at which it was rendered. R. S. 1889, sec. 2246. In accordance with these principles when this case was first brought to this court the appeal then taken was adjudged premature. When the case was brought here on the second appeal a judgment disposing of it, as to the remaining parties, had been entered. The decision then rendered, remanded the cause for error in the ruling of the trial court in sustaining the demurrer of defendant Minnie Hunt. Notwithstanding this decision, the trial court on the retrial excluded all evidence proffered against Minnie Hunt. This ruling was not in accordance with the last decision of this court, and therefore erroneous. For this reason, the judgment herein is reversed and the cause remanded. All concur.