WOLLMAN, Respondent, v. LOEWEN, Appellant.

St. Louis Court of Appeals, December 13, 1904.

1. JUDGMENT: Effect of Reversal. In an action in four counts on two promissory notes against two defendants, in the first and second counts both defendants were charged as makers. In the third and fourth counts of the petition, one defendant was charged as maker and one as endorser. One defendant defaulted and judgment was rendered against both defendants as makers on the first and second counts and in favor of defendants on the third and fourth counts. The defendant charged as endorser in the third and fourth counts appealed. The appellate court reversed the judgment, holding that the appealing defendant was not maker, according to the evidence, but an en-

dorser, and remanded the cause for trial. *Held*, first, reversal of the judgment without qualifying or limiting the scope of the order of reversal, and remanding the cause, reversed the entire judgment and opened the case for retrial of the entire controversy, though the plaintiff did not appeal from the judgment against him on the third and fourth counts. *Held*, second, since under section 773 of the Revised Statutes of 1899, there can be only one final judgment in the cause, the reversal of the judgment reversed it also as to the non-appealing defendant so that on trial anew the court had power to render judgment against both defendants on the third and fourth counts of the petition.

2. ———: ———: **Nunc Pro Tunc Entry.** Where the judgment in the first instance was entered by mistake on the first and third counts, and at a subsequent term a *nunc pro tunc* order was made correcting the mistake, the defendant can not, after contending that the former judgment was a bar to further proceeding, claim that there was error in making the *nunc pro tunc* entry.

Appeal from St. Louis City Circuit Court.—*Hon. R. M. Foster*, Judge.

AFFIRMED.

*Lyon & Swarts* for appellant.

(1) The reversal of the judgment did not authorize the circuit court to retry the third and fourth counts of the petition, and final judgment should have been entered in favor of the appellant on the third and fourth counts of the petition as well as on the first and second counts. Hoyle v. Farquharson, 80 Mo. 377; Gamble v. Gibson, 83 Mo. 290; Needles v. Burk, 98 Mo. 474, 11 S. W. 1008; State ex rel. v. Tate, 109 Mo. 265, 18 S. W. 1088; Neenan v. City of St. Joseph, 126 Mo. 89, 28 S. W. 963; Meyer v. Stone, 40 Mo. App. 289; Bremen Bank v. Umrath, 55 Mo. App. 43; Overbeck v. Mayer, 59 Mo. App. 289; Holborn v. Naughton, 60 Mo. App. 100; Sossman v. Conklin, 65 Mo. App. 319; Seay

v. Sanders, 88 Mo. App. 478; Christopher & Simpson etc. Co. v. Kelley, 91 Mo. App. 93; Roberts v. Central Lead Co., 95 Mo. App. 581, 69 S. W. 630; Edwards v. Railroad, 97 Mo. App. 103, 71 S. W. 366; Patterson v. Yancey, 97 Mo. App. 691, 71 S. W. 845. (2) The verdict and judgment of October 24, 1899, in favor of the respondent on the first and third counts and in favor of the appellant on the second and fourth counts was not amendable at a subsequent term, and hence that verdict and judgment must stand in favor of the appellant on the fourth count at least, as no appeal was taken therefrom by the respondent. The present judgment is, therefore, excessive. Ashby v. Glasgow, 7 Mo. 320; Hyde v. Curling, 10 Mo. 359; Harbor v. Railroad, 32 Mo. 423; Gibson v. Chouteau's Heirs, 45 Mo. 171; Pockman v. Meatt, 49 Mo. 345; Turner v. Christy, 50 Mo. 145; Saxton v. Smith, 50 Mo. 490; Jones v. Hart, 60 Mo. 351; Wooldridge v. Quinn, 70 Mo. 370; Gamble v. Daugherty, 71 Mo. 599; Sowers v. Ingram, 74 Mo. 193; Belkin v. Rhodes, 76 Mo. 643; Hall v. Lane, 123 Mo. 633, 27 S. W. 546; Railroad v. Holschlag, 144 Mo. 253, 45 S. W. 1101; Young v. Young, 165 Mo. 624, 65 S. W. 1016; Becher v. Deuser, 169 Mo. 159, 69 S. W. 363; State ex rel. Hay v. Harper, 56 Mo. App. 611; Dyer v. Combs, 65 Mo. App. 148; Bohm Bros. & Co. v. Stivers, 75 Mo. App. 291; Page v. Chapin, 80 Mo. App. 159; Burns v. Sullivan, 90 Mo. App. 1.

*Boyle, Priest & Lehmann* for respondent.

The reversal and remand herein reversed and annulled the entire judgment in the case, and sent it back for trial upon all the issues presented by the pleadings conformably to the opinion of the court. R. S. 1899, sec. 866; Needles v. Burk, 98 Mo. 474, 11 S. W. 1008; Russell v. Railroad, 428, 55 S. W. 454; Killoren v. Meehan, 55 Mo. App. 427; Watkins v. Junker, 23 S. W. 802; Bond v. Wabash, 25 N. W. 892; Marble

Co. v. Lime Co., 55 Mo. App. 204; Crim v. Stark-weather, 32 Hun 350.

### STATEMENT.

As this cause was here on a previous appeal we refer to the report of the decision then given for a full recital of the facts (96 Mo. App. 299). Such other facts as require attention on this appeal are fairly recited in the respondent's brief and, in the main, we adopt that recital.

This was a suit on two promissory notes each for $1,250, signed on the face by defendant Bienenstock and on the back by Loewen, the one payable to Morton Wollman, and the other payable to Henry Wollman and endorsed to Morton Wollman.

There were four counts in the petition, two on each note. The first and second counts charged Loewen as maker; the third and fourth charged him as endorser.

Bienenstock made default. On the first trial, which was to a jury, the circuit court was of opinion that Loewen was a joint maker with Bienenstock, and intended to direct a verdict against him accordingly. By inadvertence and mistake it directed a verdict for plaintiff on the first and third counts against Loewen, and for Loewen on the second and fourth counts, and judgment was entered accordingly.

Loewen moved for a new trial as to the first and third counts, which motion was continued to the next term for hearing and determination. The mistake of the court then becoming apparent, the judgment entry was corrected on plaintiff's motion and entered upon the first and second counts. Loewen then appealed to this court. The case was heard here and reversed upon the ground that Loewen was not a maker, but an endorser, and the record not showing evidence of presentment for payment, protest, etc., was remanded for new trial. On the second trial a jury was waived.

The evidence showed conclusively the execution of the notes upon good consideration, and that the proper steps had been taken to charge Loewen as endorser. Judgment was accordingly entered against the defendants upon the third and fourth counts of the petition.

The case is again appealed here by Loewen, whose chief contention is that the first judgment in the case in his favor on the third and fourth counts, stands unaffected by the appeal and is a bar to the plaintiff's claim.

The former opinion of this court concludes, "the judgment is reversed and the cause remanded."

The judgment entry here reads as follows:

"Now again come the parties aforesaid, by their respective attorneys, and the court being now sufficiently advised of and concerning the premises, doth consider and adjudge that the judgment rendered herein by the said circuit court of the city of St. Louis be reversed, annulled and for naught held and esteemed; that the said appellants be restored to all things which they have lost by reason of the said judgment; that the said cause be remanded to the aforesaid circuit court of the city of St. Louis for further proceedings to be held therein, in conformity with the opinion of this court herein delivered, etc."

GOODE, J. (after stating the facts).—It is insisted by Loewen's counsel that the reversal of the first judgment by this court and the return of the case for another trial, did not empower the circuit court to retry the issues joined on the third and fourth counts of the petition, but that final judgment should have been entered in favor of Loewen on those counts, as well as on the other two. If this is true, what reason was there for directing a retrial? We decided on the previous appeal, that Loewen was conclusively shown to have signed the notes in suit as an indorser and not as a maker. He was declared against as a maker in

the first and second counts of the petition, and our ruling closed the question of liability on those counts, unless different evidence could be produced. Hence, as no new evidence touching them was presented, Loewen was entitled to judgment on them. Regarding his liability as indorser, in which capacity he was declared against in the third and fourth counts, we decided the evidence proved indisputably he was an indorser, but contained no proof that one of the steps necessary to charge him as such had been taken; namely, that notice was given to him of Bienenstock's failure to pay the notes at maturity. The cause was remanded for retrial in order that Loewen's liability as indorser might be established by supplying the lacking evidence, if it existed. The mandate of this court is clear; but if it were not, the opinion would disclose the reason why a new trial was ordered. Gamble v. Gibson, 10 Mo. App. 327, 335; West v. Brasher, 14 Pet. 51. In the opinion, among other things, we said:

"The evidence in this case shows conclusively that the relation which Loewen assumed to the notes in suit was that of indorser, and that he reserved to himself the protection of the safeguards of demand for payment at maturity and notice of dishonor, which the law accords to indorsers. The letter of the Wollmans requested that he waive protest and notice but this he declined to do and they accepted him as an indorser without such waiver, saying they would put the notes in the Continental Bank for prompt protest and notice if they were not paid when due. It is therefore plain that they did not consider Loewen a joint maker, and this disposes of the question of his liability as such. . . .

"Loewen was undoubtedly proved to be an indorser and was also proved to have become such on a sufficient consideration; his liability, therefore, turns on whether steps were taken to hold him as such after the principal signer had made default."

Those passages in the former opinion render it plain why the cause was returned for a second trial. But appellant's counsel argue that as the first verdict and judgment were against their client only on the first and second counts, this court's order of reversal affected the judgment that far only and left it intact on the third and fourth counts, on which the judgment was in his favor, and unappealed from by Wollman. The latter had no reason for appealing, as he got judgment on both notes for their full amounts. Each promissory note was declared on in two counts, to meet the distinct capacities in which Loewen was thought to be liable; but these counts were based on one subject-matter, not two. The reversal of the judgment, without qualifying or limiting the scope of the order of reversal, and the return of the cause to be again tried, reversed the entire judgment and opened the case for a retrial of the entire controversy. If the judgment of this court is read in connection with the opinion that accompanied it, no other conclusion as to the purpose and result of our decision is possible. In causes where there have been separate verdicts or findings, on distinct causes of action, appellate tribunals may, and to save costs and expedite justice, often do, reverse the judgment for an error committed in trying the issues arising on one count, and remand the cause with a direction to retry those issues and let the verdicts on the other counts stand. Hurck v. Erskine, 50 Mo. 116; Chouteau v. Allen, 70 Mo. 290; Gamble v. Gibson, 59 Mo. 585, 10 Mo. App. 327, 83 Mo. 290; Crowe v. Peters, 63 Mo. 429; Needles v. Burk, 98 Mo. 474, 11 S. W. 1008; Oberbeck v. Meyer, 59 Mo. App. 289; Roberts v. Central Lead Co., 95 Mo. App. 581, 69 S. W. 630; Hartman v. Lumber Co., 96 Mo. App. 288, 70 S. W. 157. This is done when it is possible to retry nothing but the cause of action erroneously tried at first, without prejudice to the rights of the parties. And if a trial court is directed to follow this course, we understand

that, according to regular procedure in legal actions, the judgment on the undisturbed finding should be withheld until a verdict is returned on the issues to be retried, and then be rendered to cover that finding as well as the others; for there can be but one final judgment in a cause. R. S. 1899, sec. 773; Sater v. Hunt, 75 Mo. App. 468. A contention like the one raised here was dealt with by the Supreme Court in Needles v. Burk, 98 Mo. 474, 11 S. W. 1008. There the petition contained two counts and the first trial of the cause resulted in a verdict for the plaintiff on both. An appeal was taken and the Supreme Court reversed the judgment for errors affecting the first count. The plaintiff afterwards dismissed as to the first count and moved for judgment on the second, contending that the reversal only affected the verdict on the first count. While the motion was pending the circuit court dismissed the entire cause on account of the plaintiff's failure to secure the costs, and he appealed. The opinion in the case on the second appeal said:

"The argument of the plaintiff is that the original judgment in his favor was reversed only as to the first count; that upon dismissing as to that count he had a right to judgment on the second, without further trial. Where there are several causes of action, the court may direct separate trials, the judgment to await the trial of all the issues. R. S. 1879, sec. 3603. In such cases the awarding of a new trial as to one count would not call for a new trial as to the other counts. If all the issues are tried at the same time, with a verdict upon each cause of action, we can see no reason why the court might not award a new trial as to one cause of action and let the verdict stand as to the others. The question then is, what was done in this case? By looking to the opinion filed, when this cause was here before, we see that the errors considered related to the first count only; but our judgment is general and without limitation. So far as our judg-

ment is concerned, it might as well be said the judg-
ment of the circuit court was reversed for errors in the
trial of the second, as for errors in the trial of the first
count. When the cause was remanded it stood for new
trial just as if the motion made for that purpose in
the circuit court had been sustained. Whether that
motion asked a new trial on one or both causes of
action is not disclosed by this record. As both causes
of action were tried at the same time and nothing to
the contrary appearing, we must assume that the
motion called for an entire new trial, and our judgment
awards relief to the full extent of the prayer of the
motion. The contention of the plaintiff cannot be sus-
tained on this record.''

Bienenstock, who was the maker of the note and
against whom the first judgment was rendered as such
on the first two counts of the petition, did not appeal.
The second judgment was against him as maker, but
on the third and fourth counts, in which he was charged
in the same capacity as he was in the first two, but
Loewen differently. It is now urged by the latter's
counsel that, as Bienenstock submitted to the first judg-
ment, it stood against him unimpaired by the reversal
on Loewen's appeal, and, therefore, the second judg-
ment against him was void. On this premise the argu-
ment is raised in favor of Loewen, that if he were to
pay the judgment and sue Bienenstock to recover the
amount paid, the latter could maintain, in defense of
the action, that the first judgment in his (Bienen-
stock's) favor, on the third and fourth counts, was
valid and the subsequent judgment against him on
those counts void, and that, therefore, it had been ad-
judicated that he was not liable on the notes. There
is an apparent fallacy in this reasoning: if the first
judgment in Bienenstock's favor on the third and
fourth counts is valid, it is only so if that entire judg-
ment is valid as to him, and valid against him, there-
fore, on the first and second counts. Consequently, if

he was not affected by the reversal, the first judgment on the third and fourth counts could not be made available as an adjudication that he was not liable as the maker of the notes; for the judgment, as a whole, determined that he was.

Not only is the argument unsound in its reasoning; it is unsound, too, in its theory that the trial court was powerless to enter judgment against Bienenstock at the second trial on the third and fourth counts of the petition, because of the original judgment against him on the other counts, which, it is insisted, was not disturbed by the reversal as to Loewen. At most, the circuit court's action on the second trial would prejudicially affect no one but Bienenstock, and he is not complaining. But this litigation was in a condition that made it necessary for the reversal to be treated as affecting the judgment against Bienenstock, in order that the trial court might comply with the law that there shall be but one final judgment in a cause. The second judgment had to include Bienenstock, who was a party defendant; and, therefore, the reversal of the prior one must be held to have set it aside as to him as well as to Loewen; otherwise it stood as a final judgment and in the way of any further judgment in the case against any one. Sater v. Hunt, 75 Mo. App. 468; Helborn v. Naughton, 60 Mo. App. 103; Beshears v. Banking Assn., 73 Mo. App. 293; Henry v. Gibson, 55 Mo. 570.

We are cited to a group of decisions holding, in relaxation of the old rule concerning the entirety of judgments, that a judgment at law which is void as to one of several defendants may be set aside as to him without setting it aside as to his codefendants. State ex rel. v. Tate, 109 Mo. 265, 18 S. W. 1088; Bremen Bank v. Umrath, 55 Mo. App. 43. Those decisions are not exactly apposite; for the original judgment in this suit was not void as to either defendant, but merely erroneous as to Loewen. More pertinent citations are

the cases in which appellate tribunals asserted, and
sometimes exercised, the power to reverse judgments
against some joint defendants while affirming them
against the others; or to amend a judgment by strik-
ing out the name of a party against whom it could
not properly be rendered for lack of jurisdiction, or
some other reason. Belkin v. Hill, 53 Mo. 492; Weil
v. Simmons, 66 Mo. 617; Hunt v. Railway Co., 89 Mo.
607, 1 S. W. 127; St. Louis v. Lanigan, 97 Mo. 175,
10 S. W. 475; Biensieck v. Hook, 110 Mo. 173, 19 S.
W. 642; Neenan v. St. Joseph, 126 Mo. 89, 28 S. W.
963; McClanahan v. West, 100 Mo. 309, 13 S. W. 674;
Jones v. Higgins, 73 Mo. App. 331. The decisions on
these questions are somewhat entangled, as is usual
in the course of a transition from an old doctrine to a
new one. But the result of the most recent and authori-
tative utterances in this State is, that a judgment
against several parties will not be treated as an en-
tirety and annulled as to all the parties for an error
against one, if such a ruling can be avoided without
prejudice to any right; and, of course, without getting
into conflict with some statutory rule of procedure.
Even in money judgments, which, more than others,
need to be held entire to avoid an unjust result, the
rule has been modified by the later decisions, when the
case permitted, so far as to hold that it is erroneous
to set aside such a judgment against some codefendants
for errors affecting the others. Bremen Bank v. Um-
rath, supra; State ex rel. v. Tate, 109 Mo. 265, 18 S.
W. 1088. But we know of no decision that a court can
not set aside the whole judgment against several de-
fendants in an action at law, when it is void or invalid
as to one, if to do so is essential to justice, or to the
observance of the prescribed procedure; nor any de-
cision that the necessary effect, whatever the condition
of the case may be, of the reversal on the appeal of a
single defendant, is to leave the judgment standing
against the rest, unless the appellate court expressly

orders otherwise. But appellant's counsel would be compelled to insist on that extreme doctrine to support their position. It was disclaimed in the Tate case, wherein the Supreme Court said:

"There may possibly be judgments, which owing to the peculiar nature of the proceedings wherein they occur, require to be treated as entireties. We are not now called upon to decide as to that, and it is better to avoid generalizing unnecessarily."

So in Neenan v. St. Joseph, we find this observation:

"The spirit of the law has been greatly changed and modified by the code, and the later decisions, following this spirit, have reached the conclusion that a judgment is not to be regarded as an entirety in the sense of not being amendable or subject to correction, as to one of the parties, unless the substantial rights of the others would be injuriously affected thereby."

In Hamilton v. Prescott, 73 Texas 565, the modern rule is well declared:

"We think the conclusion to be deduced from the apparently conflicting cases is that this court, when it finds error in the proceedings of the lower court as to any party to the judgment, and not as to another, and that a proper decision of the case as to one is not dependent upon the other, will reverse in part and affirm in part; but, where the rights of one party are dependent in any manner upon those of another, it will treat the judgment as an entirety and, where a reversal is required as to one, it will reverse the judgment as a whole." In Elliott, Appellate Procedure, note, p. 487, that statement of the rule is approved.

In Christopher, etc. Foundry Co. v. Kelly, 91 Mo. App. 93, the point was as to the right of an appealing defendant to have a judgment reversed for an erroneous ruling against a non-appealing defendant, but not affecting the appellant. It was held he had not that right; and that as the party prejudiced had not com-

plained, the appellant could not make use of the error to secure a reversal, either for his own benefit or his codefendant's. In speaking of the doctrine of the entirety of judgments, we said: "A study of the later cases of our Supreme Court on the subject will show that it is never applied except under compulsion from the nature of the case." And again: "A non-appealing party cannot complain of errors or derive any benefit from them (citing cases). That rule is universal except where it is relaxed from the exigency of circumstances; that is, where a decision in favor of an appealing party necessarily enures to the advantage of a nonappealing one; as where it is impossible to reverse a judgment, at the instance of an appellant who is entitled to a reversal, without reversing it, at the same time, as to his coparty who has submitted to it." The order reversing the first judgment in this cause and remanding it for retrial was unqualified by a reservation that the judgment should be left standing against Bienenstock. It could not be thus left and a new trial be had to determine Loewen's liability as indorser, as we directed should be done. Otherwise, in an action at law, there would be two valid final judgments; which the statutes forbid. If rights of third parties had arisen meanwhile, from an attempt to enforce the judgment against Bienenstock prior to the reversal, the question of the effect of the reversal on those rights would be controlled by other principles. We overrule the assignment of error based on the proposition that the original judgment stood as a bar to any further proceeding against Loewen on the last two counts.

The first judgment was entered by mistake on the first and third counts of the petition and was subsequently amended by an order *nunc pro tunc,* so as to be on the first and second counts. This is assigned for error on the present appeal, as it was on the prior one. The point was not noticed then, for the reason that we

reversed the judgment on another ground. What the appellant then desired and asked, was to be relieved of the judgment altogether; not that it be annulled as to the second count and reinstated on the third. He was relieved by the reversal and no question about the *nunc pro tunc* order came up at the last trial. Instead, Loewen's counsel insisted and now insists, as stated before, that the former judgment in his favor on the third and fourth counts was a bar to a further trial thereon. These positions are wholly inconsistent, and the alleged error regarding the *nunc pro tunc* entry must be held to be unavailable now.

The judgment is affirmed. All concur.