HENRY HOLBORN, Appellant, v. ANDREW J. NAUGHTON, *et al.*, Respondents.

**St. Louis Court of Appeals, December 18, 1894.**

1. **New Trial:** STATEMENT OF GROUNDS IN ORDER SUSTAINING MOTION. The trial court is not at liberty to disregard the statute, requiring it in sustaining a motion for a new trial to set forth the grounds of its action.

2. ————: SUSTAINING MOTION AS AGAINST ONE OF SEVERAL DEFENDANTS.
   When the liability of one of three defendants can not exist without
   •that of the other two, it is error on the part of the trial court, after a
   verdict in favor of all three, to sustain the plaintiff's motion for new
   trial as to·that defendant alone.

*Appeal from the St. Louis City Circuit Court.*—HON.
            DANIEL DILLON, Judge.

REVERSED AND REMANDED *(without directions).*

   *Willis H. Clark* for appellant.

   *Rassieur & Schnurmacher* for respondents.

   BOND, J.—Plaintiff alleges that he employed
defendants Naughton and Bergfeld to act as his agents
in the sale of his house and lot on Page avenue; that
said agents conspired with defendant Davis to defraud
plaintiff by fraudulently concealing the fact of the sale
of said property to one Humphrey for $5,800, and
falsely pretending that it had been sold to Davis for
$5,400; that, by reason of said fraudulent concealments
and representations on the part of defendants, plaintiff
was induced to convey his property to said Davis for
the sum of $5,400, less commissions for sale; that
defendant Davis conveyed the same to said Humphrey
for $5,800, and that defendants fraudulently retained the
excess of said sum over what had been paid plaintiff.
   Defendants Naughton and Bergfeld answered, deny-
ing the allegations of the petition, and averring
specially that they were plaintiff's agents for the sale of
his property and sold the same by his direction to said
Davis for $5,400; that they were not concerned in the
sale from Davis to Humphrey, nor aware thereof until
after they had sold the property to said Davis subject
to the approval of plaintiff, which approval plaintiff
gave, and that they fully accounted to plaintiff.

Defendant Davis answered denying all the allegations of the petition.

On the trial there was evidence tending to prove the cause of action set forth in plaintiff's petition, and also evidence tending to sustain the answers of defendants. After the giving and refusing of instructions, the cause was submitted to a jury, who returned a verdict for all the defendants. Plaintiff moved for a new trial as to all the defendants, which motion was sustained as against defendant Davis, and overruled as against defendants Naughton and Bergfeld. To the action of the court in overruling said motion as to said defendants, plaintiff accepted and perfected his appeal to this court.

The first question arising upon this record is the correctness of the action of the trial court in refusing a new trial as to two joint defendants in the judgment, after awarding it as to another joint defendant. As the learned judge has not specified his reasons in the order sustaining in part the motion for a new trial as required by the statute, the question must be determined without that aid. The rule that judgments at law are entireties in the sense that they are void or reversible as a whole and as to all the defendants, if they are void or reversible as to one or more defendants, has been disavowed by the supreme court in a number of recent decisions. *State ex rel. v. Tate*, 109 Mo. 265; *Breman Bank v. Umrath*, 55 Mo. App. 43. The rule as now established is that a judgment against several defendants, invalid as to one or more, may be annulled as to the improper parties, and affirmed as to the others, it being the purpose of our code of procedure to apply the rules applicable to decrees in equity in this respect, as far as they are applicable to judgments at law. *State ex rel. v. Tate, supra.* This construction of the power of the courts over judgments does not, of course,

affect the statutory rule that there can be only one final
judgment in the action, nor does it contravene the
corollary of the statutory rule that such final judgment
must dispose of all the parties to the cause. R. S. 1889,
sec. 2213; *McCord's Administrator v. McCord*, 77 Mo.
166; *St. Joseph Fire and Marine Insurance Company v.
Hauck*, 71 Mo. 465; *Miller v. Bryden*, 34 Mo. App. 602;
*Caulfield v. Farish*, 24 Mo. App. 111. These two con-
ditions must always co-exist, and any judgment ren-
dered in disregard of either must be reversed. In
*Breman Bank v. Umrath, supra,* we pointed out that,
while it was error to sustain a motion for new trial in
favor of the defendant who did not join in the motion,
and whose liability did not depend on the same condi-
tion as that of his two codefendants, yet, if a new trial
was granted such codefendants on their motion, plain-
tiff must dismiss as to them, in order to retain his final
judgment against the non-complaining defendant, thus
bringing that case clearly within the two conditions of
the validity of a final judgment, that it must be single,
and dispose of all the parties thereto.

In the case at bar both the pleadings and all the
evidence shows that plaintiff employed defendants
Naughton and Bergfeld to make the sale of his prop-
erty and that plaintiff's cause of action, if any, accrued
from the alleged breach of duty of such agents in con-
spiring with defendant Davis to deceive plaintiff as to
the real sale of his property and to report a sham sale
at a lower price, and the appropriation by defendants
of the difference between the price received and the one
reported. If, therefore, there was no concealment by
plaintiff's agents, Naughton and Bergfeld, of the genuine
sale of plaintiff's property, and no false statement by
them of a bogus sale, there would be no ground for
holding defendant Davis liable in this action. But, if
said agents united with defendant Davis in concealing

the real transaction, or falsely reporting a sham sale, to plaintiff's damage, then all of the defendants as co-conspirators to commit a fraud and damage would be liable. It is a necessary conclusion from these premises that defendant Davis, under the facts shown in this record, is only liable on the theory of a right of action against his codefendants, since it nowhere appears that he was the agent of the plaintiff in the sale of the property mentioned; on the contrary the only position which he could have occupied under this record was one of three, *i. e.*, agent for the purchaser, *bona fide* buyer on his own account, or co-conspirator with plaintiff's agents to assist them in cheating their principal. Of these attitudes the only one which would render him liable to plaintiff in this action would be that of co-conspirator.

The object of an action for conspiracy is to give the plaintiff a remedy against parties not otherwise connected with the wrong, and while a recovery may be had, if on the trial the evidence connects but one person with the wrong actually committed, as if he had been sued alone, yet there are other cases like the one at bar in which there can only be a recovery against those defendants, who did not commit the wrong, upon proof of the tortious acts of others causing damage, for which the defendants in question could be held bound as co-conspirators. As is said by an able authority: "If conduct is complained of which only becomes actionable because of the dishonest combination to accomplish some wrongful act, this combination must be shown, and one man can not combine with himself; he must have associates." Cooley on Torts [2 Ed.], p. 143. Tested by these principles and the facts in this record, it is obvious that there could be no recovery upon a future trial against defendant Davis (as to whom the court granted a new trial), except upon a showing

of facts creating liability on the part of the two defendants, as to whom the court refused plaintiff's motion for a new trial. According to the rule laid down by the supreme court, we may assume that the circuit judge granted a new trial in this case on the ground that the verdict rendered was opposed to the weight of the evidence. *First National Bank of Brunswick v. Wood*, 27 S. W. Rep. 554. The error which he committed was, first, in restricting the new trial to one defendant, where it conclusively appears that *that defendant* could not be liable, except upon a theory of liability on the part of his codefendants; secondly, in putting the case in the plight and condition for the recovery of two final judgments therein. For these reasons the judgment will be reversed and the case remanded, with directions to the trial court to sustain the motion of plaintiff for a new trial as to all the defendants, provided the court is of opinion that it should be sustained as to any, or else overrule it as to all the defendants, subject to the right of appeal of the party aggrieved in either event. If the court sustains the motion for new trial, it should specify of record the grounds on which such new trial is granted, as commanded to do by section 2241 of the Revised Statutes of 1889, the provision of which neither the appellate nor the trial court is at liberty to disregard.

It is so ordered. Judge ROMBAUER concurs. Judge BIGGS is absent.