## HANNAH J. NOBLE, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, June 2, 1902.

1. **Municipal Corporation**: KANSAS CITY CHARTER: CODE PROVISIONS: JOINT TORTFEASORS. The provision of the Kansas City charter, requiring the property-owner to be joined with the city in cases of injuries resulting from the bad condition of the sidewalks, in so far as it tends to regulate practice and proceedings in the courts, is invalid because in conflict with the practice act.

2. **Trial Practice**: PROVISIONS OF CODE: DETERMINING RIGHTS OF THE PARTIES AMONG THEMSELVES. Section 677, Revised Statutes 1899, authorizing the court to determine the ultimate right of the parties on each side as between themselves, relates to judgments and subsequent proceedings thereon, and has reference only to cases where the parties are such as the code authorizes.

3. **Practice**: JOINT TORTFEASORS: DISMISSAL. Under section 545, Revised Statutes 1899, the injured party has a right to sue all the tortfeasors, or any one of them, and may dismiss as to one of them.

4. **Appellate Practice**: MOTION FOR NEW TRIAL: DISCRETION OF THE TRIAL COURT. The trial court is vested by law with the discretion of granting or refusing a new trial on the ground of perjury of the parties, and where its discretion is soundly exercised the appellate court will not interfere.

Appeal from Jackson Circuit Court.—*Hon. Jno. W. Henry*, Judge.

AFFIRMED.

*L. A. Laughlin* for appellant.

(1)   The court erred in excluding all evidence offered by appellant under its cross-petition against its co-defendant, Doggett Dry Goods Company, and in permitting plaintiff to dismiss her suit as to said defendant. Mancuso v. Kansas City, 74 Mo. App. 138; Independence v. Railroad, 86 Mo. App. 585; Sec. 767, R. S. 1899; Hicks v. Jackson, 85 Mo. 283; Benoist v. Thomas, 121 Mo. 660; Bobb v. Wolff, 54 Mo. App. 515; See also 5 Enc. Plea. and Prac., 675; Bradley v. Builders and Mfrs. Ass'n, 38 Ind. 101; Corsicana v. Tobin, 23 Tex. Civ. App. 492.   (2)   The court erred in refusing to grant a new trial on the ground of perjury committed by the plaintiff on the trial.   R. S. 1899, sec. 800; Rickroad v. Martin, 43 Mo. App. 597.   (3)   Our statute (sec. 4659) regarding privileged communications between physician and patient, has recently received construction by this court.   Webb v. Railway, 89 Mo. App. 604; Highfill v. Railway, 93 Mo. App. 279; Cramer v. Hurt, 154 Mo. 112; People v. Koerner, 154 N. Y. 355; People v. Schuyler, 106 N. Y. 298; Bowles v. Kansas City, 51 Mo. App. 416.

*Ellison & Turpin* for respondent.

(1)   Plaintiff had a right to dismiss as to defendant Doggett Dry Goods Company.   Dicey on Parties to Action (2 Am. Ed.), 431; Sessions v. Johnson, 95 U. S. 347; Gudger v. Railway, 21 Fed. Rep. 81; Callaghan v. Myers, 89 Ill. 566; Jarvis v. Blennerhassett, 18 Wend. (N. Y.) 627; Westbrook v. Mize, 35 Kan. 299; Fisher v. Cook, 23 Ill. App. 621; Milford v. Holbrook, 9 Allen (Mass.) 17; Swigert v. Graham, 7 B. Mon. (Ky.) 661; Badgley v. St. Louis, 149 Mo. 122; Reager v. Hadley, 57 Ind. 509; Joyce v. Growney, 154 Mo. 253; Browning v. Hilig, 69 Mo. App. 594; Kortjohn v. Seimers, 29 Mo. App. 271; Boyer v. Hamilton, 21 Mo. App. 520; Manning v. Gasherie, 27 Ind. 399.   (2) There was no perjury or mistake committed by any

witness of plaintiff. (3) It has always been the settled law in this State, that an order granting a new trial is a matter mainly resting in the discretion of the judge presiding at the trial. McDonough v. Nicholson, 46 Mo. 35; Bank v. Armstrong, 92 Mo. 265-280; Sly v. Railroad, 134 Mo. 681; Sec. 800, R. S. 1899; Dyche v. Patton, 3 Jones Eq. 332; Hillard on New Trials (2 Ed.), 508. (3) A physician can not be permitted to use information, which he obtains in his professional capacity, for the use of the courts or public. Webb v. Railroad, 89 Mo. App. 604; Kling v. Kansas City, 27 Mo. App. 231; Linz v. Ins. Co., 8 Mo. App. 363; Groll v. Tower, 12 Mo. App. 585; s. c., 85 Mo. 249; Corbett v. Railroad, 26 Mo. App. 621; Streeter v. Breckenridge, 23 Mo. App. 244.

BROADDUS, J.—This is an action for personal injuries received by plaintiff, caused by falling over an obstruction on a sidewalk of the defendant city. The obstruction mentioned was at the northwest corner of the intersection of Main and Eleventh streets, at which point is a building owned by Mrs. E. P. Graves, and at the time of the accident occupied by the Doggett Dry Goods Company. When the building was leased to said company there was a cellarway in the sidewalk at the corner on the Eleventh street side, protected by an iron railing. In January 1899 said dry goods company took away the railing and placed iron doors over the cellarway, which rested on an iron frame which projected onto the sidewalk on Main street a distance of about eighteen inches. At the building this frame was about four inches above the sidewalk, and from that point it gradually tapered down to the end where it was slightly over an inch above the sidewalk. In July, 1899, the plaintiff, while passing over the said sidewalk, tripped over this iron frame and fell, receiving injuries, including, as she claims, a rupture.

Suit was originally brought against E. P. Graves,

the husband of Mrs. Graves, the owner of the building, the Doggett Dry Goods Company and the present defendant. On the trial the plaintiff dismissed her suit as to E. P. Graves and the Doggett Dry Goods Company. The trial resulted in a verdict for the plaintiff for $2,000, upon which judgment was rendered, and the defendant appealed.

The defendant city in its answer alleged that said dry goods company placed said obstruction on said sidewalk, and asked in the event the plaintiff recovered, a verdict and judgment against it, that judgment should also go in its favor against said dry goods company for a like amount and costs. During the pendency of the case the said company filed its separate answer denying the allegations of plaintiff's petition. The defendant Graves also filed a similar answer. During the trial, plaintiff dismissed her suit against said company and said Graves.

The defendant contends that the court committed an error in permitting the plaintiff to dismiss her suit against said dry goods company. In Mancuso v. Kansas City, 74 Mo. App. 138, this court held that under section 11, article 27, of defendant's charter, where the property-owner is liable for his negligence in regard to a sidewalk, no action can be had against the city without joining such property-owner. But in Badgley v. St. Louis, 149 Mo. 122, it was held: "Although the Constitution of 1875 gave the city of St. Louis authority to adopt a charter for 'the government of the city in harmony with and subject to the Constitution and laws of Missouri,' yet such grant did not authorize a provision regulating the practice and proceedings in the courts of the State in ordinary common-law actions against said city; and when there is a conflict in such cases between the charter of the city and the statutes of the State, the latter must prevail," but it was held that the ordinance of said city in that respect was in direct conflict with section 1995, Revised Statutes 1889

(now sec. 595). As the law now stands under said ruling, the charter provision of Kansas City aforesaid, so far as it attempts to regulate the practice and proceedings in the courts where the city is a party, is invalid, because the same is in conflict with the code of practice of the State governing such practice and proceedings.

But it is claimed that under section 676, Revised Statutes 1899, the defendant city was entitled to a judgment against its co-defendant, the Doggett Dry Goods Company. Said section is as follows: "Judgment may be given for or against one or more of several defendants, and it [the court] may determine the ultimate right of the parties on each side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled." This section is found under article 9 of the code of practice relating to judgments and subsequent proceedings thereon, and has reference only to cases where parties plaintiff and defendant in the suit are such as the code authorize to be joined.

Section 545, Revised Statutes 1899, provides who may be made defendants in cases like the one under consideration. It provides: "Every person who shall have a cause of action against several persons, . . . and who shall be entitled by law to one satisfaction therefor, may bring such suit thereon jointly against all or as many of the persons liable as he may think proper." Under this section plaintiff had the right to sue all the persons who were liable for the wrong which she had suffered, or she might have sued any one of them. Having elected in the first place to sue them all did not have the effect of precluding her from dismissing her suit as to one of them.

If the charter provision aforesaid is in conflict with said section 545, the contention of the defendant, which is its equivalent, is also in conflict with it. The decision of the court in Badgley v. St. Louis, supra, is, that the ordinance of the city is in conflict with the statute. It

is upon this ground that the decision is based. The city had the right to adopt, as a part of its charter and ordinances under the Constitution of the State, any regulation for its government not in conflict with the Constitution and laws. If, therefore, defendant's contention is true that plaintiff was not authorized to maintain her suit against it alone, but must join as defendants also the said dry goods company and said Graves, under the statute, then the Supreme Court was in error in its conclusion that said charter provision was in conflict with the statute. But it has always been held by the courts and the bar generally that, in cases where the plaintiff had a cause of action based on a tort against several persons, he might sue all or any number of the wrongdoers, and during the course of the trial, might dismiss as to any one defendant. In case he failed to connect by evidence all the defendants so joined, he would be compelled to dismiss as to such as were not shown to have participated in the tort, or a nonsuit would be directed by the court as to them; but it was never contended at any time, for that reason, the plaintiff would not be· entitled to a judgment against the remaining defendants.

The further and only contention is, that the court committed error in refusing to grant defendant a new trial because of perjury committed by the plaintiff at the trial. On the trial the plaintiff testified that she suffered a rupture as a result of the accident, and that she never had been ruptured prior thereto. It was shown on the trial that she had been so ruptured. The defendant took the deposition of certain parties in Arkansas City, Kansas, whose evidence was read on the hearing of said motion for new trial. The trial judge in a written opinion reviewed all the testimony offered by each side, respectively, on said motion, and gave his reasons why he could not sustain it and grant a new trial. As we approve of his findings, his opinion is inserted as follows:

"The Court: I have listened very carefully to the testimony that has been presented upon these motions, and the only testimony which I think is entitled to serious consideration as contradicting the statement of Mrs. Noble, the plaintiff in this case, that she has never been ruptured before, is the evidence of Dr. Acker. The depositions of William Hadicke, the man who says she collided with his horse, and of Mrs. Speers and Mrs. Ames, sisters of Hadicke, who called upon her for the purpose of learning what they could in the interest of their brother, are very uncertain and unsatisfactory. They all claim that she stated to them that she was ruptured, but are apparently unable to remember anything else that was said in those conversations. In reply to nearly every question asked of William Hadicke, in regard to the details of his conversations and what else was said, he answers that he can not say for certain, or for sure. I can't on such evidence as that, disregard the positive testimony of the plaintiff, corroborated by other members of her family, that she had never been previously ruptured. As to the deposition of Dr. Acker, I think it is clearly incompetent and inadmissible. He was her physician and treated her for the result of the alleged accident, and no odds by whom he was paid, whether by her or by Hadicke, whatever information he received came to him by virtue of the confidential relation he sustained to her. The law stops his mouth. If he had been present at the trial of this case he could not have been permitted to testify as to matters which came to his knowledge in the course of his treatment of her; and neither can his testimony be considered upon these motions. I will have to overrule the motions for a new trial and in arrest of judgment."

The trial court was vested by law with the discretion of either granting or refusing defendant's motion for a new trial; and as that discretion was soundly exercised, we see no reason for interfering with its

judgment.   The cause was well tried.   Affirmed.   All
concur.