FRANK L. CONNELLY, Respondent, v. ILLINOIS CENTRAL RAILROAD COMPANY et al., Defendants; SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, December 31, 1912.

1. APPELLATE PRACTICE: Cross-Appeals: Courts. It is improper to allow a defendant an appeal to one appellate court and the plaintiff an appeal from a judgment in favor of a co-defendant to another appellate court.

2. ———: ———: Two Defendants: Effect of Reversal as to One: Judgments: Final Judgment. Where, in an action against two defendants, one of the defendants appeals from a judgment against him and the plaintiff appeals from a judgment in favor of the other defendant, the appellate court cannot affirm the judgment against the appealing defendant, unless a final disposition of the case is made as to the other defendant; and if it reverse and remand on the plaintiff's appeal, it must also reverse and remand on the defendant's appeal, since to do otherwise would authorize two judgments in the same cause, contrary to section 2097, Revised Statutes 1909, and especially is this true where the case is of such nature as will permit of a recovery against only one of the defendants.

3. JUDGMENTS: Final Judgment: What Constitutes. It is essential to the validity of a final judgment that it be single and dispose of all the parties to the cause.

4. APPELLATE PRACTICE: Cross-Appeals: Judgments. The general rule, that a judgment or verdict will not be set aside as to one defendant because of the necessity of setting it aside as to another, does not affect the statutory rule (Sec. 2097, R. S. 1909) that there can be only one final judgment in the case, nor does it contravene the corollary of the statutory rule, that a final judgment must dispose of all the parties to the cause, nor should it operate contrary to the law as it affects the substantial rights of the parties.

5. ————: Cross-Appeals: Two Defendants: Effect of Reversal as to One: Judgments: Final Judgment. Where, in a case against two defendants, of such a character as will permit of a recovery against one of them only, plaintiff appeals from a judgment in favor of one of the defendants, and the other defendant appeals from a judgment against him, and the appeals are improperly split, so as to be heard at different times, and the appellate court, on plaintiff's appeal, reverses the judgment rendered in favor of one of the defendants and remands the cause, such court will reverse the judgment rendered against the other defendant and remand the cause, when his appeal is subsequently heard, since to do otherwise would authorize two judgments in the cause, contrary to section 2097, Revised Statutes 1909, and would sanction a judgment against each of the defendants, when under the law, a judgment against only one of them is permissible.

6. ————: Theory of Parties on Appeal: Not Binding on Court. The appellate court will determine a case on a different theory than that urged in the briefs, where to follow the theory urged would result in obvious error.

7. ————: Rules of Decision: Effect on One Party of Error as to Another. It is the spirit of the Code that a verdict should not be set aside as to one party because of error against another, if that result can be avoided consistently with the statutory rules of procedure and without effecting any injustice or violating the law applicable to the case.

8. ————: Conclusiveness of Verdict: Evidence: Presumptions. Where the party against whom a verdict is rendered does not save an exception to the overruling of his motion for a new trial and does not appeal, it will be presumed that the verdict was obtained without error and upon a fair trial.

9. ————: Two Defendants: Discharge of One: Right of Other to Complain: Contribution. In an action against two defendants, in which only one of them can be held liable, where a verdict is returned for one, the other cannot be heard to complain that his codefendant will not be involved in the retrial, since he has no right to contribution.

10. CONTRIBUTION: Right to Contribution: Several and Exclusive Liability. In an action against two defendants, where the liability is several and exclusive—one not being liable if the other is—no right to contribution exists.

11. COMMON CARRIERS: Damage to Shipment: Action Against Two Carriers: Several and Exclusive Liability. In an action by a shipper against two carriers for damage to goods shipped,

169 Mo. App.—18

*held* that the liability of the carriers was not joint or joint and several, but was several and exclusive—one not being liable if the other was; following Connelly v. Railroad, 120 Mo. App. 652.

12. **RES ADJUDICATA: Action Against Two Defendants: Verdict in Favor of One Defendant: Effect of Reversal. as to Other Defendant.** In an action against two defendants, of such a character as would permit of a recovery against one of them only, a verdict was returned in favor of one and against the other. Plaintiff did not except to the overruling of his motion for a new trial as against the verdict returned in favor of one of the defendants and did not take an appeal. Judgment was rendered against the losing defendant, but no judgment was rendered in favor of the other defendant. On appeal by the losing defendant this judgment was reversed and the cause was remanded. *Held,* that a retrial as to the defendant in whose favor the verdict was returned was not necessary to the assertion or preservation of the rights of the other parties, and that such verdict was not affected by the reversal of the judgment and the remandment of the cause as to the other defendant, but was in full force and effect and negatived plaintiff's right to recover against the defendant in whose favor it was returned.

13. ————: ————: ————: ————: **Judgments.** In such a case, the rule requiring a final judgment to be single and to dispose of all the parties to the cause is not applicable, since no judgment was rendered for the defendant in whose favor the verdict was returned, and it was proper to hold the verdict in abeyance until the case was ready for final judgment as to the other defendant, at which time all the parties could be disposed of in one judgment.

14. **JUDGMENTS: Final Judgment: Holding Verdict in Abeyance.** A verdict returned in favor of one of the defendants, in an action in which only one of them can be held liable, should be held in abeyance until the case is ready for final judgment as to the other defendants, and all of the parties should then be disposed of in one judgment.

15. **APPELLATE PRACTICE: Premature Appeal: Waiver.** Where, in an action against two defendants, a verdict is returned for one defendant and against the other, and a judgment is rendered on the verdict against the losing defendant, but none is rendered in favor of the other defendant, and this judgment is reversed on the losing defendant's appeal, plaintiff may not make the point, after a retrial and second appeal, that the first appeal was premature because the judgment there appealed from did not dispose of all the parties.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds,* Judge.

REVERSED AND REMANDED.

*Samuel B. McPheeters* for appellant; *Kramer, Kramer & Campbell* and *Henry H. Oberschelp* of counsel.

Plaintiff's alleged claim against Southern Railway became *res adjudicata* by the determination in its favor at the first trial, from which the plaintiff had not appealed. Bloch v. Price, 32 Fed. 447; Berry v. Rood, 209 Mo. 662.

*H. A. Loevy* for respondent.

(1) The record shows that the court acquired and had complete jurisdiction of appellant's person and the cause and never lost it. (a) It acquired same by service of writ by sheriff, by its general entry of appearance, by its demurrer to original petition withdrawn without argument, answers (general denials) to petition and amended petition, and by its participation in first trial. (b) Jurisdiction of parties and cause is lost only by and upon a final judgment disposing of all the parties to the case. There was no such judgment of record when case was called for trial the second time, because the judgment upon first verdict did not dispose of appellant and respondent as parties litigant with each other and furnished no foundation for a plea of *res adjudicata.* In fact, the appeal by Illinois Central from this first judgment was premature and in law void, and the judgment of reversal by the Court of Appeals was really void, because there was no complete final judgment of record disposing of all the parties. (c) Again, appellant's oral plea of *res adjudicata* at second trial could not be sustained, because our code does not permit oral plead-

ings, and there was no judgment of record for or against appellant on the first verdict; and (d) appellant's motion in arrest could not be sustained for the said second reason. (2) The first judgment was not a valid and final judgment because it did not dispose of all the parties to the litigation, namely, the issue between this appellant and respondent. Consequently it could not be the basis for a plea of *res adjudicata.* (3) This appeal was taken only from the judgment on the second verdict and not also from the two final orders after judgment on the two motions to correct the record. Secs. 2038, 2090 and 2092, R. S. 1909; Garland v. Smith, 127 Mo. 567; Skidmore v. Davis, 10 Paige, 316; Martin v. Rutherford, 6 Martin N. S. (La.) 281; Wright v. Williams, 12 Tex. 35; Graham v. Sterns, 16 Tex. 153; Cochrane v. Day, 27 Tex. 385; Hammond v. Hays, 45 Tex. 846; Beard v. Arbucle, 13 W. Va. 741; 2 Cyc. 812-3; *Ib.* 821. The appellate court will not go behind the order granting the appeal. Co. v. Co., 72 Mo. 664; Cooley v. Co., 149 Mo. 487; State ex rel. v. Musick, 145 Mo. App. 137. So that the court cannot review the action of the court on said motions to correct. (4) The court cannot consider the oral objections made by appellant at the second trial and preserved by term bill of exceptions because that term bill was not embraced or called for in the final bill. Sec. 2029, R. S. 1909; Smith v. Baer, 166 Mo. 401; Asphalt Co. v. Ullman, 137 Mo. 565.

STATEMENT.—On January 8, 1906, plaintiff in the circuit court filed his amended petition in two counts against the Illinois Central Railroad Company, Southern Railway Company and the Mobile and Ohio Railway Company, as defendants. The action counts on the common law liability of a carrier, and was brought to recover for damage done to appellant's household furniture while in transit from Jackson, Mississippi, to East St. Louis, over the lines of the defendants.

The cause came on for hearing on March 14, 1906; whereupon plaintiff dismissed the cause as to the Mobile & Ohio Railway Company, and the trial proceeded as to the other two defendants, with the result that, on March 15, 1906, the jury returned a verdict in favor of plaintiff against Illinois Central Railroad Company for "the sum of five hundred dollars and freight bill," and in favor of defendant Southern Railway Company. On the same day and during the same term, a judgment was entered in favor of plaintiff and against the Illinois Central in accordance with the verdict; but the judgment made no disposition of the case as to the Southern Railway Company. The Illinois Central and the plaintiff filed their respective motions for a new trial, the latter only as to the Southern Railway Company, and said motions were overruled. No appeal or writ of error was taken by plaintiff, but Illinois Central alone prosecuted its appeal to this court, and November 13, 1906, this court, on said appeal, reversed the judgment and remanded the cause. [Connelly v. Railroad, 120 Mo. App. 652, 97 S. W. 616.]

On May 14, 1907, the cause came on again for trial in the circuit court before a jury, and the jury returned a verdict in favor of the plaintiff and against the defendant Southern Railway Company for $900 and in favor of the Illinois Central Railroad Company, and judgment was rendered accordingly. In due time, the Southern Railway Company filed its motion in arrest of judgment, and plaintiff filed his motion for a new trial as to the Illinois Central Railroad Company. At the same term at which said second trial was had, the Southern Railway Company filed its term bill of exceptions, from which it appeared that said defendant objected to the prosecution of said cause as against it on the ground that it was not a party to said litigation and that, as to it, the issues in said cause stood *res adjudicata,* and that the court having overruled such objection, said defendant duly excepted; that on

the same day, when the jury returned its verdict, the defendant Southern Railway Company objected to the receiving and entering of the verdict as against it on the ground that it was not a party to the cause and that the jury did not have the right or power to return a verdict against it, nor did the court have the power to enter judgment against it based upon said verdict, and that, said objections having been overruled, the defendant Southern Railway Company duly excepted.

At the next term, the defendant Southern Railway Company's motion in arrest of judgment and to set the same aside and plaintiff's motion for a new trial against the Illinois Central Railroad Company were both overruled, and plaintiff duly prosecuted his appeal from the judgment to this court. At the same term, the Southern Railway Company filed, and the court overruled, a motion for entry of judgment in its favor upon the verdict of March 15, 1906, *nunc pro tunc.* Thereafter, at the same term, it filed another motion to have the judgment of March 15, 1906, corrected *nunc pro tunc* "by completing the same so as to conform to the judgment actually given by the court dismissing said cause as to the Southern Railway Company, and that it go hence without day and recover of said plaintiff its costs and charges in this behalf expended." At the same term, said last mentioned motion coming on for hearing, the Southern Railway Company in support thereof introduced in evidence the original verdict of March 15, 1906, and an entry of minute showing that such a verdict had been returned and filed. He also introduced in evidence the entry of judgment made on March 15, 1906, as above mentioned; plaintiff's motion to set aside the verdict of March 15, 1906, as to Southern Railway Company, and to grant him a new trial as to it; and the order entered by the court overruling said motion.

At the same term, the court overruled said motion to correct the entry of judgment *nunc pro tunc,* and

the defendant Southern Railway Company filed its affidavit and bond for appeal in due form and prayed an appeal "which was by the court duly allowed it to the Supreme Court of Missouri and the court granted it sixty days from said date to file its bill of exceptions." Thereafter, the time for filing bill of exceptions was further extended to and including January 4, 1908, when the Southern Railway Company's final bill of exceptions was duly approved, etc., and filed. Said final bill of exceptions contains the motion in arrest of judgment, the overruling of same, and said defendant's exception; also the motion for judgment *nunc pro tunc* and the motion to correct the entry of judgment *nunc pro tunc;* also the evidence offered on the hearing of said motion and the action of the circuit court in overruling same and said defendant's exception to such action; the filing of the affidavit and bond for appeal and the allowance of the appeal to the Supreme Court and the granting of time to file bill of exceptions. The term bill of exceptions, which purported to set forth what occurred at the second trial of the case, is not incorporated in the final bill nor is any reference made thereto or to anything that accurred at such second trial.

On January 1, 1911, the Supreme Court transferred said appeal of the Southern Railway Company to this, the St. Louis Court of Appeals, and it is that appeal which is now in process of decision by us. In the meantime, however, the plaintiff had duly prosecuted his appeal, which had been allowed to this court, to the end that, on October 20, 1908, this court unreservedly reversed the judgment and remanded the cause. [Connelly v. Railroad, 133 Mo. App. 310, 113 S. W. 233.]

CAULFIELD, J. (after stating the facts).—I. The verdict and judgment said to be involved here now were in favor of plaintiff and against defendant South-

ern Railway Company for a sum of money, and against plaintiff and in favor of defendant Illinois Central Railroad Company. An appeal was prayed and allowed Southern Railway Company to the Supreme Court, while plaintiff prayed and was allowed an appeal to this court. Thus was created a situation which our Supreme Court has denounced as improper, saying, "Manifestly the same case cannot be pending in two appellate courts at the same time, although upon cross-appeals, for incongruous results might ensue from inconsistent judgments rendered by the two courts." [Snoqualmi Realty Co. v. Moynihan, 179 Mo. 629, 634, 78 S. W. 1014.] This case illustrates the rule. When the Supreme Court transferred the case here on this, the Southern Railway Company's, appeal, we had already, now more than four years ago, unreservedly reversed the very judgment from which that appeal was taken, and had remanded the cause for retrial as to Illinois Central Railroad Company. If the two appeals had been before us at the same time, as the law contemplates, we might have affirmed the judgment against the Southern, absent prejudicial error in procuring it, but, in such event, we would not have remanded the case for retrial as to Illinois Central, for to do so would have been to authorize two judgments in the same cause or to sanction recovery against two defendants, where recovery against only one was permissible, as we shall hereinafter point out. In order for us to affirm the judgment against the Southern, the case must have been dismissed as to Illinois Central, so as to bring the case within the two conditions of the validity of a final judgment—that it must be single and dispose of all the parties thereto. [Holborn v. Naughton, 60 Mo. App. 100; Bremen Bank v. Umrath, 55 Mo. App. 43.] But that course is not now open, for the obvious reason that we have already reversed the judgment and remanded the cause for retrial as to Illinois Central, and that action of ours

cannot now be recalled but constitutes a fixed fact which must govern our disposition of the matter now before us. We can now do with the judgment as to Southern Railway Company only what is lawful and proper in view of what we have already done; only what we should have done then, taking it for granted, as we must—for we have irrevocably done it—that the judgment must have been reversed and the cause remanded for retrial as to Illinois Central, in accordance with the law of the case as declared by us.

Now, while the old idea of the entirety of a judgment against several defendants, in conformity to the spirit of the Code, has lost so much of its rigor that it may be said, as a general rule, that judgments or verdicts will not be set aside as to one defendant because of the necessity, for error or otherwise, of setting it aside as to another, still that rule does not affect the statutory one, that there can be only one final judgment in the case, nor does it contravene the corollary of the statutory rule, that such final judgment must dispose of all the parties to the cause, nor should it operate contrary to the law as it affects the substantial rights of the parties. [See Holborn v. Naughton, 60 Mo. App. 100; Wollman v. Loewen, 108 Mo. App. 581, 84 S. W. 166.] In the last cited case there had been a judgment against the maker and the indorser of a promissory note. The judgment had been reversed and the cause remanded for retrial as to the indorser, the maker not appealing. We held that the reversal operated as to both, the court, through an opinion written by Judge Goode, saying, "The order reversing the first judgment in this cause and remanding it for retrial was unqualified by a reservation that the judgment should be left standing against Bienenstock. It could not be thus left and a new trial be had to determine Loewen's liability as indorser, as we directed should be done. Otherwise, in an action at

law, there would be two valid final judgments; which the statutes forbid."

In the case at bar, we could not affirm the judgment as against Southern Railway Company and at the same time reverse it and remand for retrial as to the Illinois Central, because, if we would affirm the judgment as to the Southern, that would be one judgment, and to send it back for retrial as to the Illinois Central would authorize another, with the result that there would be two judgments in the same cause, which, as we have seen, is forbidden by statute; because, also, we heretofore declared, in effect, that plaintiff could recover only against one of these defendants, not against both (see Connelly v. Railroad, 120 Mo. App. 652, 97 S. W. 616), and to send it back for retrial as to one, while leaving the judgment or verdict standing as to the other, must of necessity recognize that plaintiff could recover against both. As we cannot do both—that is, cannot reverse and remand for retrial as to Illinois Central while leaving the judgment standing against the Southern—but must refrain from doing one if we do the other, it follows that, having already irrevocably reversed the judgment and remanded the cause for retrial as to Illinois Central Railroad Company, we cannot now lawfully affirm the judgment or leave the verdict standing as to the Southern Railway Company. For this reason the judgment as against the Southern Railroad Company will be reversed and the cause remanded.

The foregoing is not the view urged upon us by the briefs, but we conceive it to be our duty to refrain of our own accord from indulging in obvious error.

As the case is to be sent back, we deem it proper to say that, in our opinion, the original verdict of March 15, 1906, should be treated as still extant in favor of the Southern Railway Company, although we accept the finding of the trial court that the Southern

was not included in the judgment entered on that verdict. As we have already indicated, it is the spirit of our Code that a verdict should not be set aside as to one because of error against another, if that result can be avoided consistently with the statutory rules of procedure and without effecting any injustice or violating the law applicable to the case. This verdict, so far as it ran in favor of this defendant, was presumptively obtained without error after a fair trial, for plaintiff saved no exception to the overruling of his motion for a new trial and took no appeal. A retrial as to the Southern was not in any wise necessary to the assertion or preservation of the substantial rights of any of the parties, for the plaintiff could not recover against both, and the verdict, returned after a fair trial, without error against plaintiff, negatived his right to recover from the Southern. There is no conceivable reason why the plaintiff should be allowed to try again an issue which has already been fairly tried and found against him and from which he did not appeal. On the other hand, Illinois Central cannot complain that the Southern will not be involved in the retrial because it has no right of contribution against its codefendant in this case; the liability of the defendant's being, not joint or joint and several, but several and exclusive—one not being liable if the other is.

The rule against two judgments does not intervene, for the reason that no judgment had been entered in favor of the Southern, and the finding, which is analogous to that on one cause of action where there are several in the case, will be suspended or held in abeyance until the case is ready for final judgment as to the other defendant, when all the parties may be disposed of in one judgment.

The foregoing being true, we see no justification for giving the reversal of the judgment of March 15, 1906 and the remandment of the cause on the appeal

of the Illinois Central alone, the effect of setting aside the verdict in favor of the Southern Railway Company.

We may add that we do not believe that the plaintiff can make any point at this late day and after what has occurred in the case, that the first appeal was premature because the original judgment did not dispose of all the parties. [Mann v. Doerr, 222 Mo. 1, l. c. 10, 17, 121 S. W. 86.]

The judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.