FERD HENDRIX, Respondent, v. GEORGE CORNING et al., Appellants.

Kansas City Court of Appeals, June 16, 1919.

1. **NEGLIGENCE: Gift of Injuring Agency: Liability of Conditional Donor.** Where the owners, of a telephone line abandoned it and permitted it to remain in a dilapidated condition so that the poles rotted off and fell into plaintiff's pasture, killing his horse the fact that the original owners gave the line to a third party on condition he would take down the poles and wires does not absolves them from liability.

2. **JUSTICE COURTS. Appeal to Circuit Court: Amended Petition: New Cause of Action.** The amendment of a petition in the circuit court by the addition of persons as defendants who were not made such in the original suit in the justice court, though improper as to such persons, does not constitute a new cause of action against the original defendants.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

*Schmitz & Marshall* for respondent.

*Paul D. Kitt* for appellant.

TRIMBLE, J.—This is an action for damages on account of the death of plaintiff's two-year-old Percheron colt caused by becoming entangled in the wire of a telephone line running along the public road close to the boundary of plaintiff's farm. This was a private line built and jointly owned by a number of men used by them to obtain connection with the telephone exchange in the neighboring village of Avalon in Livingston county. The line had become old and badly out of repair and rather than fix the old one up, the owners built an entirely new line on the other side of the road, leaving the old line remaining where it was, in a dilapidated and tumble down condition. The poles rotted off and fell or leaned over into plaintiff's pasture and the colt's neck was caught therein, choking it to death.

At one time, William Banks, George Corning, Charles Howard, William McKerrow, the Rickenbrode estate, and possibly some others were the joint owners of the telephone line. Homer Banks acquired the interest of William Banks and then Homer, together with the other joint owners, constructed the new line to take the place of the old one.

The case originated in a justice court wherein plaintiff brought suit for $200 against George Corning, Charles Howard, William Banks and William McKerrow. Said defendants took a change of venue to another justice and there filed an answer, containing a general denial and also setting up that "there is a misjoinder and nonjoinder of necessary and proper parties defendant." The plaintiff filed a reply in which he stated that if there was a misjoinder of parties defendant it was unknown to plaintiff and that if there were other persons who were necessary and proper parties, he did not know who they were and asked that the defendants make them parties.

A trial was had, resulting in a judgment for plaintiff against all defendants in the sum of $150. They appealed to the circuit court. On the first day of the first term of the circuit court after the appeal, the

plaintiff, presumably acting upon the suggestion contained in the answer and the information learned in the trial before the justice, filed an amended petition which added three other defendants, to-wit: Homer Banks, Webb Rickenbrode, and Charles Zirkle, but otherwise the petition was the same as before.

A trial was had in which the evidence showed that William Banks had no interest in the telephone line at the time the colt was killed, he having sold his interest to Homer Banks as hereinbefore stated; also, that the defendant Charles Zirkle was the switchboard man of the telephone exchange in Avalon, having no ownership in the joint telephone line past plaintiff's farm, and the only connection he had therewith arose by reason of the fact that all but one of the joint owners of the telephone line, after they had constructed the new line on the other side of the road, had given him the poles and wire of the old line if he would take them down.

The jury returned a verdict in favor of the defendant, Zirkle, but found a verdict for $150 in plaintiff's favor against all the other defendants, including even William Banks who according to all the evidence had no interest in the line at the time the colt was killed.

The trial court granted a new trial to Rickenbrode and Homer Banks, the two remaining defendants of the three that had been added by amendment in the circuit court, and also granted a new trial to William Banks, one of the original defendants, but allowed the verdict and judgment to stand as against the other original defendants, Corning, Howard and McKerrow. Thereupon plaintiff dismissed as to William Banks who had been shown to have no interest in the line, and also dismissed as to the defendants Rickenbrode and Homer Banks who had been brought in by amendment after the case reached the circuit court. The three original defendants, Corning, Howard and McKerrow, have appealed.

The first contention we shall dispose of is that the demurrer of these appealing defendants should have been sustained because the evidence conclusively shows that Zirkle, and not the other defendants, owned the old line at the time the colt was killed. The basis of this contention is the claim that when the new line on the other side of the road was completed the owners had given the old line to Zirkle and, therefore, they were not liable to plaintiff. Without passing upon the question of whether, if the owners of the line had orally given it to Zirkle as an out-and-out gift which had been accepted in the same manner, this would absolve defendants from liability, we are of the opinion that there is ample evidence to support the view that the owners, except Rickenbrode, gave the old line to Zirkle in this way in order to get rid of the task of removing it themselves, and that the gift was not a completed gift until it was entirely taken down. The evidence shows that Rickenbrode, who had the Rickenbrode estate in charge, had reserved such interest, whatever that was, whether a certain portion or an undivided interest is not shown, and although Zirkle had commenced at one end to take down the old line, yet, not knowing where the interest of the Rickenbrode estate was he had quit, leaving the old line at it was. There was ample evidence to support the jury's finding that the defendants, and not Zirkle, were the owners of the line, and that his possession and ownership would not become complete until he had taken down the entire line. To constitute a completed gift the transfer must be voluntary, gratuitous and absolute, and the donor must part with all present and future dominion over it. [12 R. C. L. 923.] There is no completed gift where there is a condition attached to its delivery and that condition has been unperformed. [Olney v. Howe, 89 Ill. 556; Beatty v. Western College of Toledo, 177 Ill. 280.] We do not see how the defendant owners, who were responsible for the presence of the dilapidated line, could absolve themselves from liability for its remaining

there, when, in order to escape the duty of taking it away, they, in effect, tell another he may have the material if he will perform that duty.

It is next claimed that the amendment made making additional parties defendant in the circuit court created a new cause of action different from the one tried in the justice court, and as only the same cause of action and no other (Secs. 7585 and 7587, R. S. 1909) can be tried on appeal from the justice to the circuit court, the latter obtained no jurisdiction.

We need not go into any investigation of what effect defendants' contention in the answer in the justice court that there were other necessary parties, had upon what was done in the way of the amendment bringing in new parties. The joint owners of the line were joint tortfeasors, and plaintiff had the right to sue all or any one or more of them. [Sec. 1734, R. S. 1909.] Each tortfeasor was liable to the full extent of the damage. [Noble v. Kansas City, 95 Mo. App. 167; Hutchinson v. Richmond Safety Gate Co., 247 Mo. 71, 110-111.] Plaintiff's cause of action was complete against the three original defendants who were owners of the line, and the bringing in of the new defendants by amendment in the circuit court was unnecessary to a complete determination thereof. So that there was no ground in law for bringing in the new defendants. [Bushnell v. Louisville, etc., R. Co., 126 Mo. App. 63, 68-69; Altheimer v. Teuscher, 47 Mo. App. 284.] As to such new defendants, thus brought in after the case reached the circuit court, the cause of action was new, but, as to the defendant owners who were originally sued in the justice court, the cause of action remained the same. There was no *substitution* of one plaintiff for another or of one defendant for another as in the cases cited where it was held there had been a change in the cause of action. In the case at bar, the foundation of plaintiff's action was the negligent killing of plaintiff's colt and his right to a remedy was complete

in the justice court against the three defendant owners sued whether there were other joint owners of the line or not; and the bringing in of such additional owners in the circuit court was not inconsistent with, nor did it in any way contradict or interfere with, the charge brought against the owners originally sued. The new defendants could not properly be proceeded against solely because there was no cause of action against them in the justice court, the circuit court's jurisdiction on appeal was derivative, and only the complete cause of action in the justice court could be tried anew on appeal. Hence, the new defendants, although improperly brought in, were properly let out. But the fact that they were thus added to the number of joint owners and then dismissed out of the case did not affect the defendant owners who were originally sued and who remained in the case and defended from start to finish. We think that as to them there was no change in the cause of action, nor did the new defendants coming into and going out of the case affect their rights in any way. In a suit against several tortfeasors a dismissal may be made as to one or more defendants without affecting the validity of the judgment as to the others. [State ex rel. v. Tate, 109 Mo. 265, 270; Holborn v. Naughton. 60 Mo. App. 100, 102.]

There was no error in plaintiff's instruction No. 1. The petition charged that the defendants failed to keep the telephone line in proper repair; that the poles became so defective and rotten that they fell over into plaintiff's pasture placing the wire inside the field and on plaintiff's premises; and that the plaintiff's colt in said pasture came in contact therewith getting the wire wrapped about its neck and choking it to death because of the negligent failure and refusal of the defendants to keep said line in proper repair. The evidence showed that the colt in the pasture was strangled by the wire which had gotten over into the pasture in that way. There was no controversy or dis-

pute over the manner and place of the colt's death. Plaintiff's instruction told the jury that if they believed from the evidence that the plaintiff's colt came to its death as a result of the negligent failure of the owners of the line to keep said line in proper repair, their verdict should be for plaintiff, etc.   The instruction was based on the pleading and was grounded on the negligence charged and was within the unquestioned evidence in the case.   There was no evidence of any other negligence nor of any other cause of the colt's death.

We have already said there was evidence from which the jury could find that the gift to Zirkle was not complete in the sense that such alleged gift would absolve the defendants from liability for the line remaining where it was, hence there was no error in plaintiff's instruction No. 2.   Said instruction merely submits the issue, therein dealt with, from the standpoint of the evidence in plaintiff's favor, while defendant's instruction H submits it according to their theory of what the evidence shows.   There is no conflict between the instructions, since each is based upon that side's theory as to what the evidence shows.   If there is anything erroneous or misleading in them it is in defendants' instruction H, but of this no complaint can be made.

Finding no reversible error in the record, the judgment should and must be affirmed.   It is so ordered. *Ellison, P. J.,* concurs. *Bland, J.,* dissents, being of the opinion that the bringing in of new parties in the circuit court changed the cause of action.