RUSSELL GRAIN COMPANY, a Corporation, Respondent, v. CHICAGO, GREAT WESTERN RAILROAD COMPANY, a Corporation and BALTIMORE & OHIO RAILROAD COMPANY, a Corporation, Appellants.

Kansas City Court of Appeals. January 30, 1922.

1. **CARRIERS: Negligent Delay: Where by Mistake in Billing Car with Freight Charges Collect Instead of Paid, Delivery to Consignee was Delayed, the Question as to Whether the Delay was so Unreasonable as to Render Carrier Liable, Held, for Jury.** In an action for damages by shipper who prepaid freight charges, for failure to transport and deliver carload of alfalfa hay to consignee within reasonable time, the question of whether 12 days delay after arrival of car before delivery thereof was offered to consignee upon discovery of a mistake made in billing car with charges collect, instead of charges paid, was so unreasonable as to render defendant liable for resulting damages, *held*, for jury.

2. **INSTRUCTIONS: Carrier Entitled to have Jury Consider Question Whether Consignee Refused Goods Because of Demand for Payment of Freight Charges and Consequent Delay, or Because of Inferior Quality.** Where shipper had prepaid freight charges upon car of hay and upon arrival of car, shipper claimed railroads failed to deliver goods to shipper's buyer without payment of freight charges, but railroads alleged buyer refused the hay because it was of inferior quality, it was error to refuse an instruction submitting to the jury the question as to whether the hay was refused because of the demand for payment of charges and consequent delay, or because of its inferior quality.

3. **TRIAL: Verdict: Judgment: Where Verdict in Suit Against Two Defendants Does not Find Against Either or Both Defendants, it**

is insufficient to Support the Judgment. In a suit against two defendants, where the verdict returned recited, "We, the jury, find the issues for plaintiff and do assess his damages at," a certain amount, the verdict, under section 1528 Revised Statutes 1919, was insufficient to support the judgment, in that, the verdict did not find against either or both of the defendants.

Appeal from the Circuit Court of Jackson County, Missouri.—*Hon. Clarence A. Burney,* Judge.

REVERSED AND REMANDED.

*John S. Cannon* for respondent.

*Warner, Dean Langworthy, Thomson & Williams* for appellant.

ARNOLD, J.—This is a suit in damages for alleged failure to transport and deliver, as per contract, a carload of alfalfa hay.

Plaintiff is a Missouri corporation, engaged in buying and selling hay, with its principal office and place of business in Kansas City, Missouri. Defendants are railroad corporations, duly organized and existing, engaged in the transportation of freight and passengers for hire.

Plaintiff, acting through one McGregor, its broker and representative at Fairmont, W. Va., sold to Arch Fleming of that place three carloads of alfalfa hay, the first of which was delivered prior to this controversy, the second is the one involved in this controversy, and the third was diverted by plaintiff and not received by Fleming.

The shipment in controversy originated at Buhl, Idaho, was transported to Kansas City over the Union Pacific Railroad, and billed from Kansas City to Fairmont showing point of origin as Buhl, Idaho, in order to obtain the benefit of the through rate from Buhl to Fairmont. The original bill of lading was taken up and a new one, prepaid, issued to plaintiff re-routing the shipment via the Chicago, Grant Western Railroad at Kansas City by which it was carried by that road to Chicago and

there delivered to the Baltimore & Ohio Railroad which transported it to destination.

The bill of lading read "shipper's order, notify," etc. That is, shipment was consigned to plaintiff, with directions to notify "Arch Fleming." The bill of lading then was attached to a draft for the purchase price of the hay and forwarded to a local bank at Fairmont so that upon payment of the draft, Arch Fleming would have been entitled to the bill of lading, on presentation of which to the agent of the Baltimore & Ohio Railroad, he should have received the shipment. The car arrived at Fairmont on November 23, 1912, at 11 p. m., carrying freight charges of $282.50, and so remained with charges against it until December 5, 1912.

Fleming was notified the day of the arrival of the shipment but refused to accept it because the railroad company would not deliver the car unless the freight charges were paid. This status remained until December 7, following, when the hay was stored by the Baltimore and Ohio company, Fleming having been notified on December 5, that the freight charges had been prepaid and that the hay would be delivered on presentation of the bill of lading without further payment of freight charges.

The hay remained in storage until January 11, 1913, when suit was instituted by Fleming against plaintiff herein, alleging failure of plaintiff to deliver the third car of hay, a part of the original order of three cars, and which was to follow the shipment of the car in question in this suit. The hay in question was attached and sold February 21, 1913, under orders of the court, on judgment rendered in the suit of Fleming against Russell Grain Company. Plaintiff herein was notified of the Fleming suit, but made no defense thereto.

Fleming testified that after he was notified by the Railroad Company that the hay would be delivered to him without further payment of freight charges, and before the hay had been stored, he examined it by permission of Mr. McGregor, agent of plaintiff, and then

refused to accept it because the quality was inferior to the grade purchased and that he would have accepted the hay after November 24, if it had been up to grade.

The record shows that this suit was instituted before a justice of the peace of Kaw Township, Jackson County, Mo. Judgment was for plaintiff and an appeal was taken to the circuit court of said county where a trial to a jury resulted in a verdict for plaintiff in the sum of $484.35. There are no formal pleadings of record and none at all save the petition in the justice court. At the close of the evidence defendants each requested an instruction in the nature of a demurrer to the evidence, both of which were by the court refused. Motions for new trial and in arrest were overruled and defendants appeal.

The first assignment of errors relates to the refusal of the court to sustain a demurrer to the evidence, as requested by both defendants, and it is urged there was no evidence of any improper act or omission on the part of the Chicago, Great Western company and that delivery was offered free of freight charges by the Baltimore & Ohio company, as soon as the mistake with respect to freight charges was discovered prior to the institution of this suit.

It is admitted by both defendants that an error was made in the billing of the hay at Kansas City with freight charges collect, instead of charges paid, as provided in the contract. Plaintiff, of course, would have no means of knowing where the error occurred. This circumstance is sufficient evidence from which the jury might reasonably infer that the "improper act or omission" was committed by both defendants. The record shows a delay of 12 days from the date of the receipt of the hay at Fairmont and the time it was offered to Fleming, free of freight charges. Plaintiff's contention is that this delay was unreasonable and that defendants are liable for resulting damages by reason thereof.

Defendants cite the case of Shewalter v. Railroad, 84 Mo. App. 589, in support of their position on this

question.  An analysis of that case discloses many elements included in the facts before us.  The court held:

"It is quite well settled that if several common carriers, each having its own line, associate and form what to the shipper is a continuous line, and contract to carry goods through for an agreed price, which the shipper pays in one sum and which the carriers divide among themselves, then they are jointly and severally liable to the shipper, with whom they have contracted, for a loss taking place on any part of the whole line.  And it is, too, well settled that incorporated railway carriers have authority to contract for the carriage of persons and property beyond their own lines, and beyond the limits of their respective States.  [Wyman v. Railway, 4 Mo. App. 35, and cases there cited.]"

Halliday v. Railway Co., 74 Mo. 159, is a case where the connecting carrier received the goods from the con· tracting carrier to be carried in pursuance of the contract of the shipper with the latter, and it was held, in effect, that the law will imply from such circumstances sufficient privity between the shipper and the connecting carrier to enable the former to maintain an action on contract against such carrier.

There can be no question but defendants had the right to withhold possession until the charges were paid. The facts are that plaintiff had paid the entire carriage charges in advance, yet Fleming, the consignee to be notified, did not accompany his demand with a production of the contract, or other evidence of payment of the freight charges.  Fleming's assertion that the freight had been paid was, as a matter of law, not conclusive, and defendants were justified in withholding delivery until satisfied of its truth.

It is said in the Shewalter case, above cited, that "it was the duty of plaintiff, when the defendant refused to deliver possession without payment of its charge for carriage, to have produced the contract and to have thereby shown that the charges had been paid; and if such contract were lost or could not be produced by him for

any reason, then the defendant had a right to resort to other sources of information and in the meantime to withhold possession.''

In the instant case the agent of defendant railroad at Fairmont advised Fleming that he would investigate and if he found the freight had been prepaid, he would deliver the hay to him. This was done and Fleming was notified of the fact and an offer was made to deliver the car to him without payment of further charges.

And here enters an element not present in the Shewalter case, towit, the question of unreasonable delay. This charge was not pleaded in the petition filed before the justice of the peace, and for that reason a strict construction of the pleadings is not permissible on review. Testimony relative to such delay was introduced and is properly in the record. Instruction No. 1 for plaintiff properly submitted that question to the jury. This was the theory upon which the case was tried and as the evidence of plaintiff was substantial, we hold the court would not have been justified in giving an instruction in the nature of a demurrer on behalf of either, or both, of the defendants.

Complaint is lodged against plaintiff's instruction No. 1 which purports to cover the entire case and directs a verdict, in that it does not include defendant's theory, in support of which there was substantial evidence, that Fleming refused the hay because it was of inferior quality. The evidence on this point was conflicting and the question should have been submitted to the jury in one form or another. Defendants endeavored, unsuccessfully, to get this issue before the jury in their proffered instruction No. 4, which the court refused to give. They were entitled to have the jury consider the question as to whether the hay was refused because of the demand for payment of charges and consequent delay, or because of its inferior quality.

We hold this issue should have been submitted in plaintiff's instruction No. 1, since the error was not cured by the submission of any instruction on behalf of

defendants and that the omission constitutes reversible error.

There is one other point to which our attention is called, viz., that the verdict is insufficient to support the judgment. We think this point is well taken. The form of the verdict: "We, the jury, find the issue for plaintiff and do assess his damages at $484.35. Charles A. Savage, Foreman."

This verdict does not find against either defendant, nor do we think it finds against both. The verdict should have been explicit in this respect. The statute (Sec. 1528, R. S. 1919) provides there shall be but one final judgment in a case, and this alone makes it necessary that the judgment shall dispose of all the defendants in an action. In Agan v. Quick, 226 S. W. 601, this court held:

"The judgment must finally determine the rights of the parties to the action (Deck v. Wright, 135 Mo. App. 536, 539, 115 S. W. 31), while the rule that a judgment is an entirety, and, if reversed as to one must be reversed as to all, has been greatly modified. (State ex rel. v. Tate, 109 Mo. 265, 18 S. W. 1088, 32 Am. St. Rep. 664); But this construction does not, of course, affect the statutory rule that there can be only one final judgment in the action, nor does it contravene the corollary of the statutory rule that such final judgment must dispose of all the parties to the cause. [Holborn v. Naughton, 60 Mo. App. 100, 102; Connelly v. Railroad, 169 Mo. App. 272, 281, 153 S. W. 79.]"

In the Connelly case the court held, in effect, that in an action by a shipper against two carriers for damages to goods shipped, that the liability was not joint or joint and several, but was several and exclusive, one not being liable if the other was. In the case at bar, the verdict should have stated whether the finding was against one or both of the defendants in order to support the judgment.

Other points urged for reversal need not be considered at this time, as the cause will be reversed and remanded for a new trial because of errors above indicated. It is so ordered.