## HICKS ET AL. v. HICKS.

[No. 12,241. Filed December 8, 1925.]

1. GIFTS.—*When gift complete stated.*—To constitute a completed gift, the transfer. of property must be voluntary, gratuitous and absolute, and the donor must part with all present and future dominion over it; if there is any condition attached to its delivery and that condition has not been performed, the gift is not complete. p. 689.

2. GIFTS.—*Agreement to convey real estate when grantee built a house thereon and paid for it not completed gift where house had not been paid for.*—An agreement between the owners of real estate and another that they would, in consideration of love and affection, convey the real estate to him if he would build a dwelling house thereon and pay for the same did not constitute a completed gift where the house built thereon had not been paid for. p. 689.

3. EXECUTORS AND ADMINISTRATORS.—*Order of court vesting in widow of decedent all his interest in certain land, pursuant to the statute, did not vest a fee in her where he had not complied with conditions of gift to him.*—Order of court made pursuant to §§3276-3279 Burns 1926, §§2575-2578 R. S. 1881, vesting in widow of decedent all title and interest of her husband in certain land does not vest a fee in her where his only right to the land was conditioned on his paying for the house he had built thereon, which had not been done. p. 690.

From Pike Circuit Court; *John F. Dillon*, Judge.

Action by Nathaniel M. Hicks and another against Ruth Hicks. From a judgment for defendant on her cross-complaint, the plaintiffs appeal. *Reversed.* By the court in banc.

*Gray & Harris*, for appellants.
*Edward P. Richardson*, for appellee.

REMY, J.—Appellants commenced this action against appellee by complaint in ejectment. Appellee pleaded

the general issue, and filed a cross-complaint in two paragraphs to quiet title to the real estate here in controversy.  In the second paragraph, which is the paragraph on which the cause was tried, it is averred that appellants, being the owners of the real estate, did on a certain date enter into a verbal agreement with cross-complainant's husband, Carl Hicks, by which it was agreed that they would, in consideration of love and affection, convey the real estate to Carl Hicks by warranty deed, provided he would build thereon a dwelling house; that pursuant to the agreement, appellee's husband built the house and performed all conditions of the contract on his part to be performed; that, when the house was completed, he took possession thereof and with his family lived therein for a period of eight months, and until his death March 1, 1923; that since the death of her husband, appellee has continued in possession of the house and premises, and is now in possession thereof; that on July 18, 1923, appellee as widow of Carl Hicks filed with the probate court her petition asking that all of the estate of her deceased husband be vested in her as such widow, she asserting in her petition that the value of the estate did not exceed $500; that the probate court found the value of the estate to be less than $500, and pursuant to Article 14 of the Decedents' Estates Act of 1881 (§§2575-2578 R. S. 1881, §§3276-3279 Burns 1926), the estate, including the decedent's interest in the real estate here involved, was vested in petitioner as widow.  A reply in denial closed the issues, and a trial resulted in a judgment for appellee quieting her title as prayed.  From the judgment this appeal is prosecuted.

Action of the court in overruling motion for new trial is assigned as error.  Sufficiency of the evidence to sustain the decision is the only question which it is necessary for this court to consider.

On the trial, the facts as set forth in the second paragraph of cross-complaint were established by the evidence, except in the following particulars: (1) The evidence without conflict showed that the real estate was, under the contract, to be conveyed to Carl Hicks when the house was completed *and paid for*; and (2) the evidence did not show that the probate court on the hearing of petition of appellee, as widow, made an order vesting the title to the real estate in appellee. On the contrary, it appears from the uncontradicted evidence that the court by its order vested in appellee "all of the right, title and claim of Carl Hicks, deceased, to the one acre," etc., describing the real estate, the order following the language used by the appraisers in making the appraisement of the estate of Carl Hicks. The evidence further shows that a large part of the money used by Carl Hicks in the building of the house had been advanced by appellant Mattie Hicks, none of which had been paid by Carl in his lifetime, and none of it had been paid or tendered by appellee or any one else since his death. It is not averred in the cross-complaint, nor does the evidence show, that there was an absolute gift of the real estate by appellants. "To constitute a completed gift," as was said by the Court of Appeals of Missouri in *Hendrix* v. *Corning* (1919), 201 Mo. App. 555, 214 S. W. 253, "the transfer must be voluntary, gratuitous and absolute, and the donor must part with all present and future dominion over it. * * * There is no completed gift where there is a condition attached to its delivery and that condition has been unperformed."

It is alleged by appellee in her cross-complaint that appellants agreed to convey the real estate to her husband, provided he would build thereon a dwelling house. If the contract as alleged had been

established by the evidence, appellee would have been entitled to a decree quieting her title (*Briggs* v. *Briggs* [1897], 113 Mich. 371, 71 N. W. 632) ; but such was not the evidence. The uncontradicted evidence is that the conveyance was not to be made until the house was built "and paid for." Clearly the decision is not sustained by the evidence.

This is not a collateral attack on the order of the probate court vesting in appellee the title of the entire estate of her deceased husband, which estate included the husband's interest in the real estate in question, the value of the same being found by the court to be less than $500. The order of the court in that proceeding did not purport to vest the fee of the real estate in appellee. The order merely vested in appellee "the title and interest held by decedent Carl Hicks at the time of his death." This action called for a determination of the question as to what interest Carl Hicks actually had in the real estate at the time of his decease.

3.

If Carl Hicks were living, he would, when he had finished paying for the house, be entitled to a deed from appellants, conveying to him the real estate. The rights of appellee are precisely the same, for, by the order of the probate court, his rights were vested in her.

Reversed.